# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAMON BOYCE,

        Petitioner,     :    Case No. 3:21-cv-216

- vs -                            District Judge Thomas M. Rose
                                         Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                                         :

        Respondent.

## DECISION AND ORDER DENYING REQUEST TO STAY

       This habeas corpus case, brought *pro se* by Petitioner Ramon Boyce under 28 U.S.C. § 2254, is before the Court on Petitioner's January 17, 2023, Request for a Stay (ECF No. 57), the eve of the due date for Petitioner's Reply.

       This case was filed August 9, 2021 (Petition, ECF No. 1, PageID 37).  The Court entered an Order for Answer the next day which provided in part that Petitioner's reply would be due twenty-one days after the answer and State Court Record were filed (ECF No. 2).  After several extensions of time, the State Court Record was filed May 17, 2022 (ECF No. 17) and the Return on May 24, 2022 (ECF No. 20).  The Court then gave Petitioner notice that his reply was due May 25, 2022 (ECF No. 21).  Since then, Petitioner has filed five motions to extend, all of which have been granted, with an eventual due date of January 18, 2023 (ECF No. 22, 30, 45, 47, 52).

       The basis of Petitioner's Request for Stay is the pendency of a petition for post-conviction relief under Ohio Revised Code § 2953.21.  That Petition was filed October 19, 2020, and thus has

1

been pending the entire time the Petition in this case has pended (Post-Conviction Petition, State Court Record, ECF No. 17-1, Ex. 58). Petitioner notes that the exhaustion doctrine ordinarily requires petitioners to exhaust available state court remedies before coming to federal court for habeas relief. The exhaustion doctrine is not jurisdictional and is thus waivable by the State. *Ex parte Royall*, 117 U.S. 241 (1886); *Granberry v. Greer*, 481 U.S. 129 (1987). However, the State has not done so in this case. Instead, it has noted that the post-conviction petition has been pending for more than a year and a half and "[i]t may therefore be presumed that the court denied it." (Return, ECF No. 20, PageID 4578).

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id.*

When a final appealable order is entered in a state court case and some matter that court could have decided is left undecided, presuming denial may be an appropriate response. However with a matter as important as a petition for post-conviction relief, it seems an intrusion on the state court's jurisdiction to indulge that presumption. On the other hand, it is no such intrusion to predict the likely outcome of the state court proceedings and decide a motion to stay accordingly.

Ohio Revised Code § 2953.21 requires that a petition for post-conviction relief be filed within a year from the date the "trial transcript" is filed on direct appeal. Respondent asserts the transcript and journal entries were filed in the Second District on July 25, 2018, making the post-conviction petition due by July 25, 2019 (Return, ECF No. 20, PageID 4578). The court of appeals docket entry for July 25, 2018, reads "transcript **of docket** and journal entries together with original documents." Respondent cites no authority for the proposition that "trial transcript" is equivalent to a transcript of the docket entries from the trial court.

Petitioner asserts "[i]n Petitioner's case the transcripts ("record") for his direct appeal was [sic] filed as competed [sic] on April 30, 2020. (Docket Sheet PageID 910). This indicates that his post-conviction petition would not be due until April 30, 2021." What was filed on April 30, 2020, however, was an "Amended Transcript of Docket and Journal Entries." (ECF No. 17-1, PageID 910).

However, the same docket sheet shows that the transcript of jury trial proceedings and motion to suppress hearings was filed January 31, 2019. The same day the Clerk issued a notice of the filing of the transcript. PageID 908. While various additional items labeled "transcript" were filed after that, the Clerk's Notice signals the date from which the statute of limitations runs. Boyce's Petition for Post-Conviction Relief was therefore required to be filed not later than January 31, 2020. It was in fact not filed until October 19, 2020. Ohio Revised Code § 2953.23 forbids an Ohio court from considering petitions for post-conviction relief filed outside the time period.

This Court does not presume to decide with any finality that Boyce's Post-Conviction Petition

3

is barred by the statute of limitations; that is a question of Ohio law which must ultimately be determined by the Ohio courts.  What this Court must decide is whether to stay this case pending a decision on the post-conviction petition by Judge Rastatter.  Because it appears merits consideration of the post-conviction petition is barred by Ohio Revised Code § 2953.23, the Court declines to stay this case on the basis of the pendency of the post-conviction petition.

The Court further declines to enter a stay because it finds Boyce has been dilatory.  The pendency of the post-conviction petition has been known to Boyce since October 19, 2020, more than four months before he filed the Petition here.  If it is a proper basis for a stay, the Request to Stay could have been filed any time from the date the Petition was filed here.  Instead, Petitioner has waited until the day before his Reply is due after many months of continuances.  Before coming to this Court, he waited more than two years before attempting to appeal a denial of his motion for new trial (*State v. Boyce,* Case No. 20-CA-0038 (Ohio App. 2nd Dist. Sept. 21, 2020)(copy at State Court Record, ECF No. 17-1, PageID 775).

Accordingly, the Request for Stay is DENIED.

January 17, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge