# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAMON BOYCE,

           Petitioner,         :        Case No. 3:21-cv-216

- vs -                          District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                                        :

           Respondent.

## REPORT AND RECOMMENDATIONS

      This habeas corpus case, brought *pro se* by Petitioner Ramon Boyce under 28 U.S.C. § 2254, is before the Court for decision on the merits. The Petition was filed August 9, 2021 (ECF No. 1, PageID 1). The Court completed initial screening under Rule 4 of the Rules Governing § 2254 Proceedings and ordered Respondent to answer not later than October 10, 2011; Petitioner's date to file a reply was set at twenty-one days after answer (Order, ECF No. 2). After several extensions of time, the Answer and State Court Record were filed (ECF Nos. 17 & 20). The Court immediately notified Petitioner that his Reply was due June 17, 2022 (ECF No. 21). Since that time, Petitioner has filed six motions to extend his time to reply (ECF No. 22, 30, 45, 47, 52, 59). All of these were granted except the last. In denying the sixth motion, the Magistrate Judge noted that the reply remained due January 18, 2023 (ECF No. 60). No reply has been filed; no objection to the denial of the sixth motion for extension has been filed and the time for doing so has expired. The case is therefore ripe for decision.

**Litigation History**

On December 4, 2017, the Clark County Grand Jury indicted Boyce on fourteen counts of Burglary in violation of Ohio Revised Code § 2911.12(A)(3) (Counts 1, 3-5, 7-11, 13, and 20-23), one count of Burglary in violation of Ohio Revised Code § 2911.12(A)(1) (Count 15), six counts of Receiving Stolen Property in violation of Ohio Revised Code § 2913.51(A) (Counts 2, 6, 12, 14, 16, and 24), and one count of Engaging in a Pattern of Corrupt Activity in violation of Ohio Revised Code § 2923.32(A)(1)(Count 25)(Indictment, State Court Record, ECF No. 17, Ex. 1).

Prior to trial, Boyce elected to waive counsel and proceed *pro se*. *Id.* at Ex. 9. After a trial jury convicted him on most of the charges, he was sentenced to an aggregate term of imprisonment of seventy years. *Id.* at Ex. 24. After his motion for a new trial was overruled, Boyce appealed with the assistance of counsel. The Second District Court of Appeals affirmed, except for Count 19, which it found charged only a co-defendant. *State v. Boyce*, 2020-Ohio-3573 (Ohio App. 2d Dist., Jul. 20, 2020). After the Second District denied a motion for reconsideration, Boyce appealed to the Supreme Court of Ohio which declined to accept jurisdiction. *State v. Boyce,* 160 Ohio St. 1461 (2020). Boyce sought certiorari review in the United States Supreme Court, which was denied. *Boyce v. Ohio*, 209 L.Ed. 2d. 596 (2021).

During the pendency of his direct appeal proceedings, on January 19, 2019, Boyce applied to reopen his direct appeal, pleading that the omission of the following assignments of error constituted ineffective assistance of appellate counsel:

> 1. The evidence presented at trial was insufficient to convict Mr. Boyce of any of the counts and his convictions were against the weight of the evidence.
>
> 2. The trial court erred in denying Mr. Boyce's request for a suppression hearing based on unfounded and improper identifications of property which resulted in him being charged

> criminally for burglary. (*Id*. motion to suppress identification and motion to dismiss burglary counts filed Apr.2, 2018). (Exhibits Motion and entry).
>
> 3. The trial court abused its discretion and prejudiced Mr. Boyce by exposing to the jury his past convictions and an alleged Columbus burglary as part of the engaging in a pattern of corrupt activity where the offenses lacked the enterprising element. (*Id*. Decision entered on April 18, 2018)(Entry Exhibit).
>
> 4. The trial court abused its discretion and committed plain error when it refused to allow Mr. Boyce to participate in the jury instructions creating a miscarriage of justice, and violated his constitutional right to a fair trial. (Tr. T. pp. 3486-3516)(April 18 hearing).

(Application to Reopen, State Court Record, ECF No. 17-1, Ex. 44). The Second District denied the Application (*Id.* at Ex. 47) and the Supreme Court of Ohio declined jurisdiction over an appeal. *State v. Boyce,* 162 Ohio St, 3d 1412 (2021).

Boyce's motion for a delayed appeal of denial of his motion for new trial was unsuccessful (State Court Record, ECF No. 17-1, Ex. 57). On October 19, 2020, Boyce filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. Because that petition was untimely by more than a year, the Court of Common Pleas does not have jurisdiction to consider it. Ohio Revised Code § 2953.23.

Boyce filed his habeas corpus Petition in this Court on August 9, 2021, pleading the following grounds for relief:

> **Ground One**: The trial court erred when it allowed the State to introduce evidence about specific facts regarding Mr. Boyce's prior burglary conviction.
>
> **Supporting Facts:** The state and court prejudice[d] Boyce by allowing in evidence unrelated to the current case.
> *
> **Ground Two**: The trial court averred [sic] in denying Mr. Boyce's suppression motion which challenged a warrantless vehicle search that violated the Fourth Amendment to the U.S. Constitution.

3

**Supporting Facts**: The officer admitted he had cleared Mr. Boyce's name twice prior to removing him from his vehicle to run a K9, when he should have been issuing a warning ticket or releasing Boyce as it was a non-arresting offense.

**Ground Three** The evidence presented at trial was insufficient to convict Mr. Boyce of any of the counts and his convictions were against the weight of the evidence.

**Supporting Facts:** The evidence introduced during the trial was insufficient and against the weight of the evidence as the evidence shows Boyce factually innocent.

**Ground Four**: The trial court erred in denying Mr. Boyce's request for a suppression hearing based on unfounded and improper identifications of property which resulted in him being charged criminally charged for burglary.

**Supporting Facts:** Mr. Boyce outlined to the court in both motions and orally that the questionable identifications were the result of unlawful searches where property was taken without warrants and without formal proceedings and Boyce outlined that none of the items were related to any reports and matched nothing related to the people who attempted to claim them. Boyce also outlines that the property was not related to the people as collected (factually).

**Ground Five** The trial court abused its discretion and prejudiced Mr. Boyce by exposing to the jury his past conviction and an alleged Columbus burglary as part of the engaging in a pattern of corrupt activity where the elements lacked the enterprising element.

**Supporting Facts**: The trial court prejudiced Boyce and violated his right to a fair trial by introducing Boyce's past burglary conviction and a Columbus burglary when the offenses lacked the enterprise element of engagement. In violation of Boyce's Constitutional rights to a fair trial.

**Ground Six**: The trial court abused its discretion and committed plain error when it refused to allow M. Boyce to participate in the jury instructions, creating a miscarriage of justice and violate his Constitutional right to a fair trial.

**Supporting Facts**: The trial court refused to allow Mr. Boyce to interject input orally or by motion concerning the jury instruction that were flawed and prejudicial.

**Ground Seven**: The State committed a *Brady* violation in attempting to hide Petitioner's innocence from a Clark County jury regarding a Franklin County burglary.

**Supporting Facts:** Mr. Boyce learned that the State withheld a police run log which shows the State knew Mr. Boyce was not relate to a Columbus burglary, yet still provided testimony by officers claiming to witness the crime by Boyce knowing Boyce was miles away being seen live by officials.

**Ground Eight**: The court violated Petitioner's USCS Const. Amend. 14 Due Process rights when it declined to hear or consider any issues or arguments concerning searches, search affidavits or search warrants.

**Supporting Facts:** The court would not consider suppression issues for or regarding Mr. Boyce's additional indictments which violates his due process rights where evidence was intended to be used by the State of which was obtained illegal without warrants or when the affidavits were based on knowingly false information.

**Ground Nine**: The State committed a *Brady* violation by withholding the results of DNA related evidence from the Petitioner to prevent him from showing his innocence to a jury.

**Supporting Facts:** The State has withheld results of DNA related evidence because it does not support to Mr. Boyce and prove he was not the suspect supporting his innocence.

**Ground Ten**: Petitioner's constitutional right to compulsory process was violated concerning some of his witnesses when they were not served as a result of the court.

**Supporting Facts:** The trial court held off on sending out for Petitioner's witnesses using a delay tactic originally claiming it could not send or have the authority to send for out of town witnesses then shifted the blame toward Boyce for the record even though it had delayed service for days. Learning later that service was not given to the places and people Boyce withed [sic] to be present for his trial.

**Ground Eleven**: Petitioner's sister who was a co-defendant was prevented from testifying during Petitioner's trial by bad acts or misleading information by her attorney.

**Supporting Facts:** The court had issued a ruling concerning her not being able to be able to be forced to testify, and she agreed to testify free of will. During her way from Columbus to Springfield she was told by her attorney the court would not allow her to testify and she should go back. This prejudiced Mr. Boyce because he intended to introduce evidence during her testimony which he [was] prevented from doing.

**Ground Twelve**: The State used the sham legal process in violation of O.R.C. § 2921.52 to indict Petitioner in violation of the Ohio and the United States Constitution and prosecutorial misconduct.

**Supporting Facts:** No victim, or witness testified that Boyce entered their home or property. Boyce's name appears in no complaints or incident reports containing any of the crimes regarding this petition and DNA and related evidence collected by law enforcement supports Boyce's noninvolvement yet the state somehow secured an indictment. Which would have required someone to go before the grand jury on knowingly false information to the State. And the State knowingly provided false testimony to the State. And the State knowingly provided testimony of a co-defendant for a case that was dismissed representing it to be related to another case to disadvantage Mr. Boyce.
*
**Ground Thirteen**: The trial court violated Petitioner's right to trial when it did not allow him to place an objection on the record concerning the jury instruction or verdict forms.

**Supporting Facts:** The court did not allow Mr. Boyce to orally make objections to the jury instruction of verdict forms or to object by written motion. The jury instructions were so flawed as to the amount of prejudice they related, they in of themselves violated Petitioner's right to trial concerning most of the counts such as the engaging which added an unindicted element to the offense of engaging in a pattern of corrupt activity of employed by when the grand jury did not intend on having Boyce defend that element during his trial. Or the verdict forms concerning the engaging element critical flaws to the offenses.

(Petition, ECF No. 1, at PageID 7-33).

# Analysis

**Ground One: Admission of Evidence of Prior Burglary**

In his First Ground for Relief, Boyce complains that the trial court admitted evidence of his prior burglary conviction. Boyce claims evidence related to his conviction for burglary in 2008 was irrelevant to the charges in the instant case.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

In his Petition, Boyce asserts Ground One only as an error of Ohio evidence law, to wit, admitting irrelevant evidence of prior bad acts. Admission of prior bad acts does not per se violate the Constitution. *Bugh v. Mitchell*, 329 F.3d 496 (6th Cir. 2003). In any event, the Second District Court of Appeals thoroughly explained why the evidence of this prior conviction was not irrelevant, to wit, because it was necessary to prove an element of the engaging in a pattern of corrupt activity charge (Opinion, State Court Record, ECF No. 17, Ex. 34).

Petitioner's First Ground for Relief fails to state a federal constitutional claim upon which habeas corpus relief can be granted and it should therefore be dismissed.

**Ground Two: Denial of Motion to Suppress**

In his Second Ground for Relief, Boyce claims his Fourth Amendment rights were violated when the trial court failed to suppress evidence seized in violation of the Fourth Amendment.

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

Boyce has neither pleaded nor established facts that would take this case outside the ruling

8

in *Stone v. Powell*. Ground Two should therefore be dismissed as not cognizable in habeas corpus.

**Ground Three:  Evidence Insufficient and Convictions Against the Weight of the Evidence**

Boyce has combined two claims in his Third Ground:  Insufficiency of the evidence and convictions against the manifest weight of the evidence.

The manifest weight claim is not cognizable in habeas corpus and should be dismissed on that basis.  A weight of the evidence claim is not a federal constitutional claim.  *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

An allegation that a verdict was entered upon insufficient evidence, however, states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*).

Although insufficiency of the evidence is a constitutional claim, Respondent claims Boyce has procedurally defaulted on that claim by not raising it on direct appeal.  *State v. Boyce*, 2020-

Ohio-3573, n. 1 (Ohio App. 2nd Dist. Jul. 2, 2020)(See Return, ECF No. 20, PageID 4605.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism

> interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner

11

can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio has a relevant procedural rule: claims which can be decided on the direct appeal record must be raised on direct appeal; otherwise they are barred by *res judicata*. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

The first time Boyce raised the insufficiency of the evidence claim was in his Rule 26(B) application as one of the omitted assignments of error. The Second District did not rely on *res judicata* to avoid the merits of the sufficiency claim. Instead, it found that the evidence supporting conviction was sufficiently strong that a competent appellate attorney could have concluded Boyce would not have prevailed on an insufficiency of the evidence claim (Opinion, State Court Record, ECF No. 17-1, Ex. 47).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The question of whether a defendant has received effective assistance of appellate counsel is a federal constitutional question which the Second District squarely decided. This Court must defer to that decision unless it is an objectively unreasonable application of applicable United States Supreme Court precedent. The Second District decided the issue applying the appropriate standard for appellate counsel from *Strickland v. Washington,* 466 U.S. 668 (1984).

To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id., citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005); see *Smith v. Murray*, 477 U.S. 527 (1986). "Only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008).

The Second District's decision is persuasive. Given the mass of evidence presented at trial, it is very unlikely an insufficiency argument would have prevailed. Therefore Boyce's insufficiency of the evidence claim in Ground Three should be dismissed.

**Ground Four: Denial of Suppression Hearing**

In his Fourth Ground for Relief, Boyce complains that the trial court denied him a suppression hearing with respect to a number of questionable identifications.

There is no constitutional right to a suppression hearing. However, there is a constitutional right not to be convicted on the basis of unreliable identification. The Supreme Court held in *Neil v. Biggers*, 409 U.S. 188 (1972).

> [T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

409 U.S. at 199; *accord, Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). An identification procedure violates a defendant's right to due process if it "was so unnecessarily suggestive as to run the risk of irreparable mistaken identification." *Howard v. Bouchard*, 405 F.3d 459, 469 (6th Cir. 2005). Even if an identification procedure was impermissibly suggestive, the identification is still admissible if it is reliable. *Id.* at 469, 472. For a pre-trial identification procedure to be "'impermissibly suggestive,' the procedure must 'give rise to a very substantial likelihood of irreparable misidentification.'" *Sexton v. Beaudreaux,* 138 S. Ct. 2555, 2559 (2018), *quoting Neil v. Biggers,* 409 U.S. 188, 197 (1972).

*Perry v. New Hampshire*, 565 U.S. 228 (2012), held pretrial screening of eyewitness

14

testimony for reliability is required only when the police have arranged suggestive circumstances which lead to the identification. There is no requirement for such screening when the suggestion is created by circumstances the police did not create.

Boyce has failed to provide any record references to support this Ground for Relief. Without such references, this Court cannot tell whether any constitutional violation was involved. Ground Four should therefore be dismissed.

**Ground Five: Abuse of Discretion in Admitting Prior Bad Acts**

In his Fifth Ground for Relief, Boyce complains that the trial judge abused his discretion in allowing evidence of prior bad acts. As noted above, this does not state a claim for relief under the Constitution. In particular, abuse of discretion is not a constitutional violation. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995). Ground Five should be dismissed on the same basis as Ground One.

**Ground Six: Refusal to Allow Participation in Jury Instructions**

In his Sixth Ground for Relief, Boyce claims the trial judge violated his right to a fair trial by not permitting him to participate in instructing the jury. However, there is no constitutional right for any party to participate in jury instruction, whether represented by counsel or proceeding *pro se*. Conveying instructions to the jury is solely a judicial function.

Ground Six should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Seven:  Failure to Disclose Exculpatory Evidence**

In his Seventh Ground for Relief, Boyce claims the State violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), where the Supreme Court held the State has a duty to produce exculpatory evidence in a criminal case.  If the State withholds evidence and it is material, the conviction must be reversed.  To achieve this goal, "*Brady* held 'that the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) (quoting *Brady*, 373 U.S. at 87).  To state a *Brady* claim, a defendant must allege that: (1) the government suppressed evidence; (2) the evidence is favorable to the defendant because it is either exculpatory or impeaching; and (3) the evidence is material, i.e., the suppression of the evidence prejudiced the defendant. See *Strickler v. Greene*, 527 U.S. 263, 280-82 (1999). Prejudice occurs where "'there is a reasonable probability' that the result of the trial would have been different if the suppressed [evidence] had been disclosed to the defense." *Id.* at 289.

Although Boyce claims there is a police run log which shows his innocence, he has not identified any place in the record where that evidence appears so that the Court can evaluate it.  Ground Seven should be dismissed for failure to support it with evidence.

**Ground Eight:  Denial of Due Process:  Failure to Consider Suppression of Illegally Obtained Evidence**

In his Eighth Ground for Relief, Boyce contends the trial court refused to "hear or consider any issues or arguments concerning searches, search affidavits or search warrants."  This claim is

16

too vague to be considered: Boyce points to no place in the record where this supposed refusal took place. Ground Eight should be dismissed for failure to produce supporting record references.

**Ground Nine: Failure to Produce Exculpatory Evidence**

In his Ninth Ground for Relief, Boyce raises another *Brady* claim, this time for failure to produce DNA tests results which would show Boyce's innocence. Ground Nine should be dismissed for the same reasons as Ground Seven: failure to produce any evidence of the existence of such tests results.

**Ground Ten: Denial of Compulsory Process**

In his Tenth Ground for Relief, Boyce claims he was denied his right to compulsory process to compel the attendance at trial of favorable witnesses. Ground Ten should be denied for lack of record support: Boyce has pointed to no record references to any such witnesses or the failure to subpoena them.

Respondent asserts this claim is procedurally defaulted because the first time Boyce raised it was in his untimely Petition for Post-Conviction Relief (Return, ECF No. 20, PageID 4616). As noted above, the Court of Common Pleas is jurisdictionally barred from considering untimely claims and the Post-Conviction Petition is time-barred. Ground Ten should be dismissed as procedurally defaulted.

**Ground Eleven:  Interference with Witness**

In his Eleventh Ground for Relief, Boyce asserts the State somehow interfered with his ability to present his sister as a witness.  However, the face of the Petition avers the failure of his sister to testify was caused by her attorney's advice to her.  Boyce points to no place in the record where this claim is supported.

Respondent asserts this claim is procedurally defaulted by failure to raise it until the untimely post-conviction petition and Boyce makes no response.  Moreover, the State is not responsible for whatever advice the witness's attorney may have given her.  Ground Eleven should therefore be dismissed.

**Ground Twelve:  Indictment by Prosecutorial Misconduct**

In his Twelfth Ground for Relief, Boyce claims he was indicted as a result of prosecutorial misconduct, to wit, presentation of false testimony to the grand jury.

This claim should be dismissed because Boyce points to no evidence of record to support it, especially because grand jury proceedings are ordinarily secret.

**Ground Thirteen:  Failure to Allow Objections to Jury Instructions or Verdict Forms**

In his Thirteenth Ground for Relief, Boyce claims he was denied a fair trial by the trial court's failure to allow him to object to the jury instructions or verdict forms.  As Respondent points out, this claim is procedurally defaulted by Boyce's failure to raise it until his untimely post-

conviction petition. It should be dismissed on that basis.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 15, 2023.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge