# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAMON BOYCE,

                Petitioner,            :     Case No. 3:21-cv-216

    - vs -                          District Judge Thomas M. Rose
                                          Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                                 :
              Respondent.

# DECISION AND ORDER DENYING MOTION TO EXPAND THE RECORD FURTHER

This habeas corpus case, brought *pro se* by Petitioner Ramon Boyce under 28 U.S.C. § 2254, is before the Court on Petitioner's Request to Expand the Record filed electronically March 23, 2023 (ECF No. 69).

Petitioner seeks to add to the record on which this Court will decide his case "the paper exhibits and Defense Exhibit "B" which is the recorded proffer of Christopher Burkhart. Additionally, Petitioner request[s] expanding the record to include the transcripts from the April 11, 2018 hearing, and the April 18, 2018 [hearing], all document[s] relate to Clark County Case No. 18-CA-77." *Id.* at PageID 4993.

Boyce was convicted in May, 2018, and filed his Petition in this case August 9, 2021 (ECF No. 1). The next day the Court ordered Respondent to answer and to file "those portions of the state court record needed to adjudicate this case." (ECF No. 2, PageID 40). The State Court Record

1

was filed May 17, 2022, comprising 4,493 pages (ECF No. 17); it was served on Boyce when filed.

Once the Return of Writ was filed, the Court notified Boyce on May 25, 2022, that his reply/traverse was due June 17, 2022, and the case would then be **ripe for decision** (ECF No. 21). Boyce thereafter sought and received many extensions of time to file the traverse, but always with the understanding that the case would be ripe for decision when the traverse was filed. Boyce finally filed his Traverse on March 16, 2023. Thus his motion to further expand the record amounts to a request to hold the record open until these additional documents are filed, undercutting the Court's order that the case would be ripe when the Traverse was filed. Presumably thereafter Boyce would seek leave to file an amended traverse to add references and argument related to these new documents.

The Court is not willing to postpone further the ripeness of this case for decision. Boyce has made no showing that they are essential to a decision. For example, he seeks to add the Indictments for Case Nos. 17-CRO365; 17-CROS10 and 18-CRO055 to show that he was arraigned under those case numbers, but Respondent does not dispute that fact and Boyce has not shown how that fact relates to any of his Grounds for Relief. Earlier in the case Boyce sought to add documents that would show he filed motions *pro se* which Judge Rastatter ruled on without setting them for hearing or waiting for the State to respond (ECF No. 356, PageID 4699), but he also does not relate that fact to any Ground for Relief.

It took Petitioner from May 24, 2022, until March 16, 2023, to file a traverse. Given the course of this litigation so far, the Court could reasonably anticipate another extended delay before an amended traverse would be filed and the case would again be ripe for decision. Although Rule 7 of the Rules Governing § 2254 Cases does not set an absolute deadline for completing the record, it would be unreasonable to interpret that Rule as allowing even more time to complete the record

2

in this case.

       The Motion to Expand is DENIED.


March 24, 2023.

                                      s/ *Michael R. Merz*
                                United States Magistrate Judge