## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

RAMON BOYCE,

                    Petitioner,           :     Case No. 3:21-cv-216

     - vs -                        District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                                :
              Respondent.

## SECOND SUBSTITUTED REPORT AND RECOMMENDATIONS

       This habeas corpus case, brought *pro se* by Petitioner Ramon Boyce under 28 U.S.C. §

2254, is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court

Record (ECF No. 17), the Return of Writ (ECF No. 20), and Petitioner's Traverse (ECF No. 20).

**Litigation History**

       On December 4, 2017, the Clark County Grand Jury indicted Boyce on fourteen counts of

Burglary in violation of Ohio Revised Code § 2911.12(A)(3) (Counts 1, 3-5, 7-11, 13, and 20-23),

one count of Burglary in violation of Ohio Revised Code § 2911.12(A)(1) (Count 15), six counts

of Receiving Stolen Property in violation of Ohio Revised Code § 2913.51(A) (Counts 2, 6, 12,

14, 16, and 24), and one count of Engaging in a Pattern of Corrupt Activity in violation of Ohio

Revised Code § 2923.32(A)(1)(Count 25)(Indictment, State Court Record, ECF No. 17, Ex. 1).

Shortly after arraignment, Boyce elected to waive counsel and proceed *pro se*. *Id.* at Ex. 9. After a trial

jury convicted him on most of the charges, he was sentenced to an aggregate term of imprisonment of

seventy years. *Id.* at Ex. 24. After his motion for a new trial was overruled, Boyce appealed with the

assistance of counsel. The Second District Court of Appeals affirmed, except for Count 19, which it

found charged only a co-defendant. *State v. Boyce*, 2020-Ohio-3573 (Ohio App. 2d Dist., Jul. 20,

2020). After the Second District denied a motion for reconsideration, Boyce appealed to the Supreme

Court of Ohio which declined to accept jurisdiction. *State v. Boyce,* 160 Ohio St. 1461 (2020). Boyce

then sought certiorari review in the United States Supreme Court, which was denied. *Boyce v. Ohio*,

209 L.Ed. 2d. 596 (2021).

During the pendency of his direct appeal proceedings, on January 19, 2019, Boyce applied

under Ohio R. App. Pro. 26(B) to reopen his direct appeal, pleading that the omission of the following

assignments of error constituted ineffective assistance of appellate counsel:

> 1. The evidence presented at trial was insufficient to convict Mr.
> Boyce of any of the counts and his convictions were against the
> weight of the evidence.
>
> 2. The trial court erred in denying Mr. Boyce's request for a
> suppression hearing based on unfounded and improper
> identifications of property which resulted in him being charged
> criminally for burglary. (Id. motion to suppress identification and
> motion to dismiss burglary counts filed Apr.2, 2018). (Exhibits
> Motion and entry).
>
> 3. The trial court abused its discretion and prejudiced Mr. Boyce by
> exposing to the jury his past convictions and an alleged Columbus
> burglary as part of the engaging in a pattern of corrupt activity where
> the offenses lacked the enterprising element. (Id. Decision entered
> on April 18, 2018)(Entry Exhibit).
>
> 4. The trial court abused its discretion and committed plain error
> when it refused to allow Mr. Boyce to participate in the jury
> instructions creating a miscarriage of justice, and violated his
> constitutional right to a fair trial. (Tr. T. pp. 3486-3516)(April 18
> hearing).

(Application to Reopen, State Court Record, ECF No. 17-1, Ex. 44). The Second District denied the Application (*Id.* at Ex. 47) and the Supreme Court of Ohio declined jurisdiction over an appeal. *State v. Boyce,* 162 Ohio St. 3d 1412 (2021).

Boyce's motion for a delayed appeal of denial of his motion for new trial was unsuccessful (State Court Record, ECF No. 17-1, Ex. 57). On October 19, 2020, Boyce filed a petition for postconviction relief under Ohio Revised Code § 2953.21. Because that petition was untimely by more than a year, the Court of Common Pleas does not have jurisdiction to consider it, Ohio Revised Code § 2953.23, although there has as yet been no state court ruling to that effect.

Boyce filed his habeas corpus Petition in this Court on August 9, 2021, pleading the following grounds for relief:

> **Ground One:** The trial court erred when it allowed the State to introduce evidence about specific facts regarding Mr. Boyce's prior burglary conviction.
>
> **Supporting Facts:** The state and court prejudice[d] Boyce by allowing in evidence unrelated to the current case.
>
> **Ground Two:** The trial court averred [sic] in denying Mr. Boyce's suppression motion which challenged a warrantless vehicle search that violated the Fourth Amendment to the U.S. Constitution.
>
> **Supporting Facts:** The officer admitted he had cleared Mr. Boyce's name twice prior to removing him from his vehicle to run a K9, when he should have been issuing a warning ticket or releasing Boyce as it was a non-arresting offense.
>
> **Ground Three:** The evidence presented at trial was insufficient to convict Mr. Boyce of any of the counts and his convictions were against the weight of the evidence.
>
> **Supporting Facts:** The evidence introduced during the trial was insufficient and against the weight of the evidence as the evidence shows Boyce factually innocent.
>
> **Ground Four:** The trial court erred in denying Mr. Boyce's request for a suppression hearing based on unfounded and improper

3

identifications of property which resulted in him being charged criminally charged for burglary.

**Supporting Facts:** Mr. Boyce outlined to the court in both motions and orally that the questionable identifications were the result of unlawful searches where property was taken without warrants and without formal proceedings and Boyce outlined that none of the items were related to any reports and matched nothing related to the people who attempted to claim them. Boyce also outlines that the property was not related to the people as collected (factually).

**Ground Five:** The trial court abused its discretion and prejudiced Mr. Boyce by exposing to the jury his past conviction and an alleged Columbus burglary as part of the engaging in a pattern of corrupt activity where the elements lacked the enterprising element.

**Supporting Facts:** The trial court prejudiced Boyce and violated his right to a fair trial by introducing Boyce's past burglary conviction and a Columbus burglary when the offenses lacked the enterprise element of engagement. In violation of Boyce's Constitutional rights to a fair trial.

**Ground Six:** The trial court abused its discretion and committed plain error when it refused to allow M. Boyce to participate in the jury instructions, creating a miscarriage of justice and violate his Constitutional right to a fair trial.

**Supporting Facts:** The trial court refused to allow Mr. Boyce to interject input orally or by motion concerning the jury instruction that were flawed and prejudicial.

**Ground Seven:** The State committed a *Brady* violation in attempting to hide Petitioner's innocence from a Clark County jury regarding a Franklin County burglary.

**Supporting Facts:** Mr. Boyce learned that the State withheld a police run log which shows the State knew Mr. Boyce was not related to a Columbus burglary, yet still provided testimony by officers claiming to witness the crime by Boyce knowing Boyce was miles away being seen live by officials.

**Ground Eight:** The court violated Petitioner's USCS Const. Amend. 14 Due Process rights when it declined to hear or consider any issues or arguments concerning searches, search affidavits or search warrants.

4

**Supporting Facts:** The court would not consider suppression issues for or regarding Mr. Boyce's additional indictments which violates his due process rights where evidence was intended to be used by the State of which was obtained illegal without warrants or when the affidavits were based on knowingly false information.

**Ground Nine:** The State committed a *Brady* violation by withholding the results of DNA related evidence from the Petitioner to prevent him from showing his innocence to a jury.

**Supporting Facts:** The State has withheld results of DNA related evidence because it does not support to Mr. Boyce and prove he was not the suspect supporting his innocence.

**Ground Ten:** Petitioner's constitutional right to compulsory process was violated concerning some of his witnesses when they were not served as a result of the court.

**Supporting Facts:** The trial court held off on sending out for Petitioner's witnesses using a delay tactic originally claiming it could not send or have the authority to send for out of town witnesses then shifted the blame toward Boyce for the record even though it had delayed service for days. Learning later that service was not given to the places and people Boyce withed [sic] to be present for his trial.

**Ground Eleven:** Petitioner's sister who was a co-defendant was prevented from testifying during Petitioner's trial by bad acts or misleading information by her attorney.

**Supporting Facts:** The court had issued a ruling concerning her not being able to be able to be forced to testify, and she agreed to testify free of will. During her way from Columbus to Springfield she was told by her attorney the court would not allow her to testify and she should go back. This prejudiced Mr. Boyce because he intended to introduce evidence during her testimony which he [was] prevented from doing.

**Ground Twelve:** The State used the sham legal process in violation of O.R.C. § 2921.52 to indict Petitioner in violation of the Ohio and the United States Constitution and prosecutorial misconduct.

**Supporting Facts:** No victim, or witness testified that Boyce entered their home or property. Boyce's name appears in no complaints or incident reports containing any of the crimes regarding this petition and DNA and related evidence collected by

> law enforcement supports Boyce's noninvolvement yet the state somehow secured an indictment. Which would have required someone to go before the grand jury on knowingly false information to the State. And the State knowingly provided false testimony to the State. And the State knowingly provided testimony of a co-defendant for a case that was dismissed representing it to be related to another case to disadvantage Mr. Boyce.
>
> **Ground Thirteen:** The trial court violated Petitioner's right to trial when it did not allow him to place an objection on the record concerning the jury instruction or verdict forms.
>
> **Supporting Facts:** The court did not allow Mr. Boyce to orally make objections to the jury instruction of verdict forms or to object by written motion. The jury instructions were so flawed as to the amount of prejudice they related, they in of themselves violated Petitioner's right to trial concerning most of the counts such as the engaging which added an unindicted element to the offense of engaging in a pattern of corrupt activity of employed by when the grand jury did not intend on having Boyce defend that element during his trial. Or the verdict forms concerning the engaging element critical flaws to the offenses.

(Petition, ECF No. 1, PageID 7-33).

On the Court's Order, the Respondent filed the State Court Record (ECF No. 17) and a Return of Writ (ECF No. 20). After these two filings, the Court notified Petitioner his traverse was due to be filed not later than June 17, 2022 (Notice, ECF No. 21). After numerous extensions of time, Petitioner filed his 151-page Traverse on March 16, 2023 (ECF No. 67). A subsequent renewed motion to expand the record was denied and the case is now ripe for decision.

# Analysis

## Ground One:  Improper Allowance of Evidence Related to a Prior Burglary Conviction

In his First Ground for Relief, Petitioner complains of the trial court's allowance into evidence of his prior 2008 burglary conviction which he claims is irrelevant to the charges in the instant case.

Boyce raised this claim as his First Assignment of Error on direct appeal and the Ohio Second District Court of Appeals decided it as follows:

### III. Admission of Boyce's Prior 2008 Burglary Conviction

[*P80] In his first assignment of error, Boyce claims that the "trial court erred when it allowed the State to introduce evidence about specific facts regarding Mr. Boyce's prior burglary conviction." His second assignment of error claims that the trial court erred when it failed to provide a limiting instruction about his prior burglary conviction (the Parsons burglary), either prior to testimony concerning the circumstances giving rise to his prior burglary conviction or in its jury instructions at the conclusion of the testimony. Boyce did not request a limiting instruction at trial prior to testimony about his burglary of the Parsons' home.

[*P81] According to the parties' stipulation, filed prior to trial, Boyce was convicted in Case No. 2008-CR-612 of a burglary that occurred at the Parsons' residence on North Limestone Street in Springfield. In that case, mail addressed to the Parsons and their neighbors was collected in a wooded area approximately 250 feet south of the main driveway of the Parsons' home. Boyce's fingerprints were found on the mail. On June 4, 2008, Boyce sold jewelry taken from the burglary at Quick Cash Pawn, Inc., in Greendale, Indiana.

[*P82] Count 25 of the indictment filed in this case (Case No. 2017-CR-761A) alleged that Boyce and others engaged in a pattern of corrupt activity. The charge alleged numerous predicate acts: 19 of the other counts alleged in the indictment, Boyce's prior conviction in Case No. 2005-CR-1114 for receiving stolen property, Boyce's

prior conviction in Case No. 2008-CR-363 for receiving stolen property, Boyce's prior convictions for burglary and receiving stolen property in Case No. 2008-CR-612, the April 3, 2017 burglary/receiving stolen property in Franklin County, and several other instances of receiving stolen property by Boyce and his accomplices in Franklin County in 2016 and 2017.

[*P83] In December 2017, the State filed a notice, pursuant to Evid.R. 404(B), that it intended to introduce evidence of other crimes, wrongs, or acts by Boyce at trial, specifically evidence regarding Boyce's prior conviction for burglary in Case No. 2008-CR-612. The State noted that the conviction was an underlying predicate act for the count of engaging in a pattern of corrupt activity. The State further stated:

> * * * In addition to the existence of the conviction, the State intends to present limited factual evidence from the charge set forth in case number 08-CR-612. Specifically, in the 08-CR-612 case, prior to burglarizing the residence * * *, the Defendant took mail from the mailbox of that residence in an attempt to determine whether the inhabitants of the residence were home. He dropped this mail in the woods near the house then broke into the house and stole jewelry and other items. The Defendant's fingerprints were found on the mail recovered from the woods. [The Parsons residence] is within a mile of several of the houses burglarized in the current cases. These houses were burglarized under similar conditions to the Defendant's prior conviction in 08-CR-612. Furthermore, in the case at hand, an invoice taken from the mailbox located [on] Burwood Drive was found in the woods during the burglary investigation of [the] residence located [on] Roscommon Drive. [Another property on] Burwood Drive was then later burglarized and is included in this indictment. Finally, a locket with family pictures was taken during the burglary of [the Parsons residence] in case number 08-CR-612. That locket was recovered during the April 3, 2017 search warrant of the Defendant's apartment in Columbus during this current investigation.

The State argued that limited factual evidence related to Case No. 2008-CR-612 was relevant to demonstrate the planning and preparation that Boyce engaged in and that Boyce utilized the same scheme or plan in the current case as he did in Case No. 2008-CR-612.

[*P84] The State's Evid.R. 404(B) notice was discussed in a pretrial conference on April 19, 2018. Boyce, representing himself, argued that Case No. 2008-CR-612 was dissimilar from the current charges, including that no mail was discovered on the ground in the current cases and his fingerprints were not present. The State responded that Case No. 2008-CR-612 was a predicate act, and the facts of that prior case demonstrated that Boyce was part of a criminal enterprise. The prosecutor clarified that the evidence would show that Boyce had "established houses or places that he can hold this property for long periods of time." The prosecutor noted that Boyce had gone to prison for eight years, and yet the 2017 search warrant at his apartment yielded evidence from the 2008 burglaries.

[*P85] The prosecutor further argued that Boyce had "a very specific MO. That MO includes scouting houses. * * * One of the methods he used was to go through mailboxes." The State thus asserted that the 2008-CR-612 conviction was "directly on point to show his common plan or scheme with how he scouts and that put him in the current case." The prosecutor further argued that the evidence was admissible to show that Boyce had learned from his mistakes: he more recently wore gloves and masks.

[*P86] The trial court orally ruled that evidence regarding Boyce's conviction in Case No. 2008-CR-612 was "admissible for those limited purposes under 404(B)." The court further stated: "More significantly, evidence of this prior conviction is going to come in anyways because it's listed as one of the predicate acts so any incremental prejudice is nullified in the Court's view * * *."

[*P87] The same day (April 19), the trial court filed a written entry memorializing the issues addressed at the April 19 pretrial conference. As to the Evid.R. 404(B) issue, the court summarized the matter as follows:

> The parties argued orally with respect to the written Evidentiary Rule 404(B) Notice the State had filed. The Court ruled that the 404(B) evidence the State intends to present by way of a prior conviction is admissible. Said evidence is relevant to show intent, identity, preparation, and plan, and the prejudicial effect upon the defendant is negligible since said conviction is listed as a predicate act under the engaging in a pattern of corrupt activity offense and therefore it would have lawfully been presented and admitted irrespective of the 404(B) issue.

9

[*P88] Boyce and the State filed the stipulation regarding the basic underlying facts of Case No. 2008-CR-612 on April 20, 2019.

[*P89] On the second day of trial, the State presented testimony from three witnesses regarding Case No. 2008-CR-612. Melissa Tuttle, the Clark County Clerk of Courts, testified that State's Exhibits 124 and 124A were certified copies of Boyce's convictions for two different counts (burglary, a third-degree felony, and receiving stolen property, a fifth-degree felony) in that case. Tuttle also testified that State's Exhibit 124B was a certified copy of the warrant on the indictment in Case No. 2008-CR-612, which showed Boyce's birthdate and Social Security number. Chris Kinsler, a former Clark County prosecutor, identified Boyce as the defendant in Case No. 2008-CR-612, and stated that Mr. and Mrs. Parsons were the victims in that case.

[*P90] Jade Parsons described her home and stated that it was broken into in late May 2008, while she and her husband were out of town. She testified that she found her home "ransacked" when she returned; the lines to her telephone, cable, and alarm system had been cut. Mrs. Parsons testified that jewelry was taken from upstairs and that the safe in her basement had been pried and drilled open with the Parsons' tools; the safe had contained some gold coins, cash, guns, and jewelry. Mrs. Parsons stated that a shoebox with old letters belonging to her late father was also missing. Mrs. Parsons testified that she went to a pawnshop in Indiana at the request of investigators and identified three or four pieces that belonged to her. In 2017, she was invited to look at property that was recovered as part of a current investigation; Mrs. Parsons testified that she saw letters to her father and other relatives and a locket that belonged to her. Mrs. Parsons's testimony consisted of 37 pages of transcript.

[*P91] During closing argument, the prosecutor summarized the course of Boyce's numerous offenses, the connection of Boyce's activities to those of his accomplices who stored and/or sold stolen items, and the course of the various law enforcement investigations into Boyce's and his accomplices' activities. The prosecutor began with the Parsons' burglary, describing how the 2008 burglary occurred and how Boyce later adjusted his procedures to avoid leaving the kind of evidence that led to his conviction for that burglary, i.e., using gloves and having others sell the stolen goods. The prosecutor also stated that "the other reason the Parsons burglary is important is it shows the warehouse element." The prosecutor reminded the jury that, in 2017, Jade Parsons identified old family letters and a locket with her photo; those items had been found in Boyce's Columbus apartment during the April 3, 2017

10

execution of the search warrant. The prosecution's closing argument consisted of 114 pages of transcript, of which the discussion of the Parsons burglary took six pages.

[*P92] After closing arguments, the trial court instructed the jury. As to prior bad acts, the court stated, without objection from Boyce:

> * * * Sometimes evidence is admissible for only a limited purpose. In these situations, Evidentiary Rule 105 requires the Court to restrict the evidence to its proper scope and instruct the jury accordingly.
>
> The law and fundamental fairness prohibit you from drawing an inference that other bad acts and/or crimes alleged to have been committed by the defendant make it more likely that he committed the offenses for which he is on trial.
>
> Accordingly, evidence that the defendant committed bad acts and/or crimes other than those charged in the indictment is typically not admissible. There are, however, some exceptions to this rule of law.
>
> One exception, which applies in this case, arises when the defendant is charged with engaging in a pattern of corrupt activity, requiring the State to prove a pattern of bad acts and/or crimes, some of which may be criminal convictions. To that end, the State has presented evidence in this case that the defendant was previously convicted of burglary and receiving stolen property. Another exception to this rule of law arises when the defendant takes the witness stand in his own defense giving the State the opportunity to impeach with prior convictions.
>
> If you find that the State has failed to prove these other bad acts and/or crimes beyond a reasonable doubt, you're to disregard them and not permit them to influence your deliberations.
>
> If you find that the State has proven them beyond a reasonable doubt, you may consider that evidence, but only for the limited purposes of determining whether it proves a pattern of corrupt activity and evaluating the defendant's credibility as a witness.

11

You may not consider it for purposes of drawing the aforementioned forbidden inference.

[*P93] Upon review of the record, we find no error concerning the trial court's handling of Boyce's conviction in Case No. 2008-CR-612.

[*P94] Evid.R. 404(B) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The Ohio Supreme Court has discussed Evid.R. 404, stating:

> Evid.R. 404 codifies the common law with respect to evidence of other acts of wrongdoing. The rule contemplates acts that may or may not be similar to the crime at issue. If the other act is offered for some relevant purpose other than to show character and propensity to commit crime, such as one of the purposes in the listing, the other act may be admissible. Another consideration permitting the admission of certain other-acts evidence is whether the other acts "form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment" and are "inextricably related" to the crime.

Citations omitted.) *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 13.

[*P95] Courts employ a three-step analysis to determine whether to admit other-acts evidence:

> The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B). The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. See Evid.R 403.

*State v. Hare,* 2018-Ohio-765, 108 N.E.3d 172, ¶ 42 (2d Dist.), quoting *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, ¶ 20.

[*P96] A trial court has broad discretion to admit or exclude evidence, and its exercise of that discretion will not be disturbed on appeal absent an abuse of discretion. *State v. Norris*, 2d Dist. Montgomery No. 26147, 2015-Ohio-624, ¶ 14. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond,* 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

[*P97] We find no abuse of discretion here. Most significantly, the State had alleged in the indictment that the Case No. 2008-CR-612 burglary was a predicate act for the charge of engaging in a pattern of corrupt activity. Consistent with the indictment, the State's evidence at trial regarding the events underlying Case No. 2008-CR-612, i.e., the burglary of the Parsons' home, served to establish a pattern of corrupt activity by Boyce by demonstrating that Boyce's more recent burglaries in 2016 and 2017 were an extension of his prior conduct. The State's evidence revealed commonalities in the methods used to commit the Parsons' burglary and the recent burglaries, as well as the improvements in Boyce's procedures after his release from prison in 2016. In addition, the fact that items stolen from the Parsons in 2008 were in his continued possession almost a decade later, along with other recently stolen items, provided additional evidence that Boyce was engaged in an ongoing enterprise that stored stolen items in accomplices' homes and used those and other accomplices to sell certain types of stolen items.

[*P98] Consequently, the evidence "was an integral part of the State's proof of the charge of engaging in a pattern of corrupt activity, not 'other acts' evidence." *State v. Rich*, 2d Dist. Montgomery No. 27356, 2018-Ohio-1225, ¶ 31. See also *State v. Saxton,* 9th Dist. Lorain Nos. 02CA8029, 02CA8030, 2003-Ohio-3158, ¶ 28, citing *State v. Frato,* 9th Dist. Lorain Nos. 91CA005237, 91CA005238, 1992 Ohio App. LEXIS 4764, 1992 WL 227955, * 4 (Sept. 16, 1992) ("When other acts testimony is relevant to prove a pattern of corrupt activity pursuant to R.C. 2923.32(A)(1), it is not inadmissible under Evid.R. 404(B)."). The trial court did not abuse its discretion in permitting the State to present evidence regarding the Parsons' burglary at trial.

[*P99] The trial court also appropriately addressed "prior bad act" evidence in its jury instructions. The court informed the jury,

13

> without objection from Boyce, that evidence of Boyce's prior bad acts, including his prior convictions, could be considered only in limited circumstances: to establish that Boyce was engaged in a pattern of corrupt activity, as charged, or to impeach Boyce's credibility as a witness. The court further made clear that, if the jury found that the State had failed to prove these other bad acts and/or crimes beyond a reasonable doubt, the jury was to disregard them entirely and not allow them to influence their deliberations. The trial court's instructions reasonably guided the jury's consideration of the 2008 burglary of the Parsons home.
>
> [*P100] Boyce's first and second assignments of error are overruled.

*State v. Boyce,* 2020 WL 3605883 (Ohio App. 2nd Dist. Jul. 2, 2020).

Respondent asserts the First Ground for Relief is procedurally defaulted by Boyce's failure to object to the jury instruction related to the prior conviction. The Second District noted that the instruction was given without objection by Boyce and proceeded to consider whether the admission was error. However, it did not explicitly invoke the "plain error" doctrine which would have amounted to enforcement of Ohio's contemporaneous objection rule. Therefore this Court should not find procedural default on that basis.

Respondent also asserts this claim is procedurally defaulted because it was not fairly presented to the Ohio courts as a federal constitutional claim, but only as an Ohio evidence claim.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406

14

(6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d

1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). A claim is fairly presented if the petitioner

> (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017).

Boyce acknowledges the fair presentation rule in his Traverse (ECF No. 67, PageID 4846). He then claims that he presented this ground for relief not only as error in violation of Ohio R. Evid. 404, but that "the error resulted in prejudice amounting to a fundamental unfairness toward him infringing on his constitutional right to a fair trial in which the Fourteenth Amendment likewise prohibits." *Id.* at PageID 4847. He then cites two federal cases for the general proposition that use of evidence in a way that is fundamentally unfair is unconstitutional, but proceeds to argue the claim in terms of Ohio precedent which did not use Due Process analysis. He also fails to cite to any place in the State Court Record where he cited or argued federal law; his Brief on appeal does not do so (Brief, State Court Record, ECF No. 17, Ex. 31, PageID 267).

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.);

*Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).   "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000)(*quoting Montana v. Egelhoff,* 518 U.S. 37, 43 (1996)).   The Supreme Court has defined very narrowly the category of infractions that violate fundamental fairness.  *Bey v. Bagley*, 500 F.3d 514 (6th Cir.  2007), *citing Dowling v.  United States*, 493 U.S. 342, 352 (1990), a case cited by Boyce in his Traverse.

In his Petition, Boyce asserts Ground One only as an error of Ohio evidence law, to wit, admitting irrelevant evidence of prior bad acts.  Admission of prior bad acts does not *per se* violate the Constitution.  *Bugh v. Mitchell*, 329 F.3d 496 (6th Cir. 2003).  In any event, the Second District Court of Appeals thoroughly explained why the evidence of this prior conviction was not irrelevant, to wit, because it was necessary to prove an element of the engaging in a pattern of corrupt activity charge (Opinion, State Court Record, ECF No. 17, Ex. 34).

Boyce has failed to cite any United States Supreme Court decision holding that admission of evidence such as Boyce complains of here violates a defendant's right to a fundamentally fair trial.  Moreover, he failed to fairly present this claim to the state courts.  Petitioner's First Ground for Relief should be dismissed as procedurally defaulted and because the Second District's decision is not an objectively unreasonable application of any Supreme Court decision on this point.  Ground One should therefore be dismissed.

**Ground Two:  Evidence Admitted from Warrantless Search of Car in Violation of the Fourth Amendment**

In his Second Ground for Relief, Boyce argues his rights under the Fourth Amendment

were violated when evidence was admitted against him which had been seized during a warrantless search of his car.  Relying on *Stone v. Powell,* 428 U.S. 465 (1976), Respondent asserts this Fourth Amendment claim is not cognizable in habeas corpus.

Boyce responds by claiming the motion to suppress hearing in the Common Pleas Court was a sham proceeding:

> The Court of Common Pleas Judge D. Rastatter, regularly denies suppression hearings he's even been found to hold hearings on some motions concerning suppression issues, regardless of what evidence or information is before him, just to deny them. The sham hearings allow him to avoid appellate court reversals and remands, by making it appear to the court that he provided a defendant an opportunity when that opportunity was not judicially given.
>
> In Petitioner current case the Judge already knew he was going to overrule the motion to suppress prior to the hearing, the presiding Judge has not once (shown by Public Records requests) since he's been seated for over a decade (becoming a judge from being a prosecutor) granted a "single" motion to suppress, unless the State's evidence would be unaffected. He has held this predetermined position concerning suppression issues, disregarding well over a 530 litigant's constitutional rights to a fair trial by allowing in evidence he's aware of was obtained unlawfully by law enforcement, including in four of Petitioner's prior cases.

(Traverse, ECF No. 67, PageID 4852-53).  These are extraordinary allegations which, if proven, would support an exception to *Riley v. Gray*.  However, there is not a scrap of evidence in the State Court Record to support them.

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts.  *Stone, supra,* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of a Fourth Amendment claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated

and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

Boyce has neither pleaded nor established facts that would take this case outside the ruling in *Stone v. Powell*. If he knew of Judge Rastatter's unwillingness to take motions to suppress seriously, why didn't he file a motion to disqualify him with the Supreme Court of Ohio?

Ground Two should therefore be dismissed as not cognizable in habeas corpus.


**Ground Three: Convictions Upon Insufficient Evidence and Against the Weight of the Evidence**

In his Third Ground for Relief Petitioner asserts his convictions are based on insufficient evidence and are against the weight of the evidence. The weight of the evidence claim does not state a claim for relief under the Constitution and should be dismissed on that basis. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

On the other hand, a claim that a conviction is based on insufficient evidence does state a claim under the Due Process Clause. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397

U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc).  In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*).

Respondent asserts this claim is procedurally defaulted because Boyce did not raise it on direct appeal.  Boyce does not deny this fact, but says the procedural default is excused by the ineffective assistance of appellate counsel he suffered when his attorney did not raise the claim (Traverse, ECF No. 67, PageID 4857).

Ineffective assistance of appellate counsel can excuse the procedural default of failing to raise a claim on direct appeal, but only if the ineffective assistance of appellate counsel claim is itself raised and litigated as provided in state law.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).  Boyce presented his ineffective assistance of appellate counsel claim with respect to the sufficiency of the evidence to the Second District Court of Appeals in his Application to reopen the appeal under Ohio R. App. P. 26(B).  That court considered the claim on the merits and concluded

> In short, we conclude that the State presented sufficient circumstantial evidence that Boyce committed the burglaries of which he was convicted. In reaching its verdicts, the jury was free to believe all, part, or none of the testimony of each witness and to draw reasonable inferences from the evidence presented. *State v. Baker,* 2d Dist. Montgomery No. 25828, 2014-Ohio-3163, ¶ 28.

> While Boyce challenged the credibility of witnesses and the inferences drawn from the evidence, it was the province of the jury, as the trier of fact, to weigh the evidence and determine whether the State had proven, beyond a reasonable doubt, that Boyce had committed the burglaries. Upon review of the evidence at trial, we cannot conclude that jury lost its way when it credited the State's version of events. Accordingly, we find no reasonable probability that Boyce would have prevailed had he challenged his burglary convictions on direct appeal.

(*State v. Boyce*, Case No. 2018-CA-77 Ohio App. 2nd Dist. Dec. 16, 2020)(unpublished; copy at State Court Record, ECF No. 17-1, Ex. 47). The Second District reached parallel conclusions on the receiving stolen property and engaging in corrupt activity counts.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Here the Second District applied the relevant federal standard from *Strickland v. Washington,* 466 U.S. 668 (1984): was there a reasonable probability that including this assignment of error would have changed the result on appeal? Concluding that there was not, the Second District found no ineffective assistance of appellate counsel. The Magistrate Judge concludes that was not an objectively unreasonable application of *Strickland*. Boyce's argument is essentially that the State's witnesses were not believable and he points to various arguments undermining the credibility. All those arguments were available to make to the jury. Having heard

the arguments, the jury was persuaded of Boyce's guilt. The federal court cannot substitute its own judgment of witness credibility for the jury's. Therefore Ground Three should be dismissed.

## Ground Four: Denial of Suppression Hearing on Claimed Improper Identifications of Property

In his Fourth Ground for Relief, Boyce claims he was unconstitutionally denied a suppression hearing related to identifications of purportedly burglarized property.

Respondent argues this claim, to the extent it relies on a claimed underlying violation of the Fourth Amendment, is barred by *Stone, supra.* The Magistrate Judge agrees.

It also appears from the Traverse that Petitioner is claiming a constitutional right to test, prior to trial, the expected testimony of purported owners of stolen property that the property indeed is theirs. However, Boyce provides no cited federal authority for that proposition.

When the question is whether property has been seized in violation of the Fourth Amendment, federal law guarantees a motion to suppress hearing outside the hearing of the jury. *Mapp v. Ohio*, 367 U.S. 643 (1961). When the question is the reliability of out-of-court identification of a defendant by an eyewitness, a hearing outside the presence of the jury is likewise guaranteed, *Neil v. Biggers*, 409 U.S. 188 (1972), but only when the police have arranged suggestive circumstances which lead to the identification. *Perry v. New Hampshire*, 565 U.S. 228 (2012).

Other than these two sorts of challenges, the Magistrate Judge is not aware of any such constitutional right to a pre-trial hearing. What Boyce sought was a pre-trial hearing on the reliability of identification of stolen property. Failure to grant such a hearing does not state a claim upon which relief can be granted in habeas corpus. Ground Four should be dismissed.

22

**Ground Five:  Admission of Other Acts Evidence**

In his Fifth Ground for Relief, Boyce asserts the trial court abused its discretion by admitting in evidence his prior burglary conviction and a Columbus burglary because these prior convictions did not contain the element of engaging in a pattern of corrupt activity.  Respondent asserts this claim is without merit for the same reason as Ground One:  it raises only a claim of state evidence law, not federal constitutional law.

Boyce claims ineffective assistance of appellate counsel to excuse any procedural default, but Respondent has not raised a procedural default defense as to this claim.  However, the Magistrate Judge agrees with Respondent that this is solely a claim under Ohio evidence law not cognizable in federal habeas corpus.  In particular, a habeas petitioner cannot convert state evidence issues into cognizable federal issues by merely labeling them as "fundamental unfairness."  Ground Five should be dismissed.

**Ground Six:  Defendant Barred from Jury Instructions**

In his Sixth Ground for Relief, Boyce claims he suffered a miscarriage of justice and a violation of his Sixth Amendment right to a fair trial when the court would not permit him to participate in instructing the jury.

It is unclear to the Magistrate Judge what Boyce is objecting to here.  If he is objecting that he was not allowed to read to the jury his own drafted jury instructions, that does not state a claim under the Constitution.  Boyce tried the case *pro se*, but attorneys are not permitted to participate

in instructing the jury.  Rather, the process is that the parties, State and defendant, must propose instructions that they want to have given.  The judge then delivers those instructions without participation by attorneys, after the judge has decided what instructions are proper.  The Magistrate Judge is not aware of any federal appellate authority permitting party participation in instructing the jury in this sense.

On the other hand, Boyce may be objecting to the omission and/or inclusion of certain instructions.  In the Traverse he lists several points on which he believes the instructions were improper and then adverts to "[m]ore than 6 additional reason[s] not listed." (ECF No. 67, PageID 4958).  Obviously this Court cannot judge the propriety or impropriety of just instructions not listed.

Boyce does not provide the Court with his proposed instructions to the jury.  He claims that Judge Rastatter refused to allow him to place his objections of record, but cites to PageID 4491 of the transcript, which does not show any such refusal.   Boyce claims that his issue with the jury instructions was sufficiently grave that it constituted ineffective assistance of appellate counsel to fail to raise it on appeal.   When Boyce filed his Application for Reopening under Ohio App. R. 26(B), he phrased the omitted assignment of error as "(4) the trial court abused its discretion when it refused to allow him to participate in the jury instructions and provided prejudicial jury instructions." (Opinion, State Court Record 17-1, PageID 678-79).  The Second District decided this claim as follows:

> IV. Jury Instructions
>
> In his fourth proposed assignment of error, Boyce claims that the trial court refused to allow him to participate in the jury instructions, depriving him of a fair trial. Boyce states that the trial court would not allow him to place an objection to the jury instructions on the record while the instructions were being read (citing Trial Tr. at 3486), and his attempt to speak his objections was omitted from the

24

record. Boyce further claims that the jury instructions were prejudicial in several respects, which should have been raised on appeal. The record does not reflect that Boyce was denied the opportunity to participate in the creation of the jury instructions or was denied the opportunity to object to the given instructions. We note that, after the jury instructions were read, the court asked the State if "there was anything else," and the State asked to approach. (Trial Tr. at 3512.)

During the sidebar discussion, the prosecutor asked the court to include "on or about" for offenses that allegedly occurred on a single date. Boyce had no objection to this request, request, and he did not raise any other issues.

Boyce further claims that jury instructions were prejudicial to him in ten respects.  Due to page limit constraints, he states five specific alleged errors: (1) the trial court failed to instruct the jury that the "alleged engaging [offense] ended on June 17th, 2017," (2) the court did not instruction the jury that it could not consider Burkhart's testimony regarding the Shell burglary, (3) the court erred in providing an instruction that flight could be considered as "consciousness of guilty" because no crime was committed on the night he fled, (4) the trial court erred in instructing the jury that "unexplained possession by the defendant of recently stolen property may give rise to a permissible inference from which you may conclude beyond a reasonable doubt that the defendant is guilty of receiving stolen property," and (5) the court never instructed the jury to determine ownership of the property.

Boyce did not object to the jury instructions and, therefore, we review the instructions for plain error. *State v. Glenn,* 2d Dist. Montgomery No. 27639, 2018-Ohio-2326, ¶ 42 ("A defendant's failure to object to the instructions waives error on appeal absent plain error."), citing *State v. Kleekamp*, 2d Dist. Montgomery No. 23533, 2010-Ohio-1906, ¶ 59. Upon review of the record, we find no reasonable probability that Boyce would prevail on a claim that the trial court committed plain error in its jury instructions in this case.

*Id.* at PageID 698-99.

The Second District held Boyce did not object to the instructions as given.  Boyce claims he did object but Judge Rastatter prevented his objections from being in the record.  Under those circumstances, it was his obligation to correct the record on appeal and he points to no evidence

that he did so.  Thus his objections to the jury instructions are procedurally defaulted and cannot be considered here unless he shows cause and prejudice.  Boyce's attempts to present ineffective assistance of appellate counsel as cause is barred by his failure to show the court of appeals what his objections were.  Moreover, on the merits, the Second District applied the correct federal standard and held there was no reasonable probability he could have prevailed on such a claim, so there was no ineffective assistance of appellate counsel in failing to raise it.  Boyce has not shown here that that was an objectively unreasonable application of *Strickland* as it is applied to appellate counsel. Therefore Ground Six should be dismissed as procedurally defaulted without excuse.

**Ground Seven:  Violation of *Brady v. Maryland* by Failing to Disclose a Police Run Log**

In his Seventh Ground for Relief, Boyce claims the State violated his due process rights as established by *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose a police run log that shows he was miles away from the relevant crime scene at the time the crime occurred. The relevant crime is a Franklin County burglary which was offered as a predicate act for Boyce's pattern of corrupt activity case.

Respondent asserts this claim is procedurally defaulted because it was not raised until Boyce filed his Petition for Post-Conviction Relief and merits consideration of the claim is barred by the statute of limitations on such petitions.  Boyce makes no response to this argument in his Traverse.

The statute of limitations in Ohio Revised Code § 2953.23 is an adequate and independent state ground of decision.  *Stojetz v. Ishee*, 892 F.3d 175(6ᵗʰ Cir. 2018).  *Bies v. Sheldon*, 775 F.3d 386, 396 & n.7 (6th Cir. 2014) (recognizing that our court has held that Ohio courts' use of Ohio

Revised Code § 2953.23 to bar a petitioner's claim constitutes procedural default); *White v. Warden*, 940 F.3d 270, 275 (6th Cir. 2019) (holding the same for Ohio Revised Code § 2953.21(A)(2)).

Although the Common Pleas Court has not yet ruled on the post-conviction petition, its failure to do so after two and one-half years allows us to presume that it has been effectively denied. However, it does not allow us to presume the basis of denial; failure to dismiss on the statute of limitations grounds would be a non-enforcement of a procedural rule which would not qualify the statute of limitations issue as a procedural default under the second prong of *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (establishing a four-part test for determining whether a procedural rule is an independent and adequate state ground). We must therefore treat that presumptive denial as made on the merits. Because we have no opinion from an Ohio court on the merits, we must review this claim *de novo;* we have no relevant state court opinion to assess for deference under 28 U.S.C. § 2254(d)(1).

*Brady* holds the State has a duty to produce exculpatory evidence in a criminal case. If the State withholds evidence and it is material, the conviction must be reversed. *Brady v. Maryland,* 373 U.S. 83 (1963). To achieve this goal, "*Brady* held 'that the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment', irrespective of the good faith or bad faith of the prosecution.*" Kyles v. Whitley,* 514 U.S. 419, 432 (1995) (quoting *Brady*, 373 U.S. at 87). To state a *Brady* claim, a defendant must allege that: (1) the government suppressed evidence; (2) the evidence is favorable to the defendant because it is either exculpatory or impeaching; and (3) the evidence is material, i.e., the suppression of the evidence prejudiced the defendant. See *Strickler v. Greene*, 527 U.S. 263, 280-82 (1999). Prejudice occurs where "'there is a reasonable probability' that the result of

the trial would have been different if the suppressed [evidence] had been disclosed to the defense." *Id.* at 289. Contrary to Boyce's assertion, a *Brady* violation is not a structural error; prejudice from nondisclosure must still be shown.

Boyce claims he obtained the police run log in question when, after his conviction in Clark County, he attended a motion to suppress hearing in his Franklin County case on February 22, 2019, and the document was produced in discovery (Traverse, ECF No. 67, PageID 4962). He also asserts the document was marked "counsel only" with a date of May 15, 2017. *Id.* Throughout this portion of the Traverse, Boyce refers to exhibits and an Affidavit, but he gives no record reference for where they may be found.

Boyce argues that the run log is *Brady* material because he alleges it shows he could not have been the burglar in the Franklin County case, having been several miles away at the time of the burglary. However, the jury in the Franklin County case does not appear to have been persuaded by that argument, undermining a claim that the run log was material. Furthermore, Boyce has made no showing that a Columbus police run log was in the possession of relevant Clark County authorities at the time of the Clark County trial.

Ground Seven should therefore be dismissed.

**Ground Eight: Failure to Suppress Unlawfully Seized Evidence**

In his Eighth Ground for Relief, Boyce claims he was denied due process when the trial court refused to consider his motion to suppress evidence related to later additional indictments. In the Return of Writ, Respondent notes that Boyce filed three motions to suppress which were all decided on the merits. Because all of the issues raised were Fourth Amendment issues, they are

barred from consideration here under *Stone, supra*.

In Boyce's Traverse this claim has morphed into an ineffective assistance of trial counsel claim wherein he asserts appointed defense counsel was ineffective for failure to be expansive enough in the searches he challenged, filing instead a "barebones" motion to suppress (Traverse, ECF No. 67, PageID 4966, *et seq*.).  However, a habeas petitioner cannot add claims to the case at the reply stage of the proceedings.  *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).  Furthermore, considered as an ineffective assistance of trial counsel claim, any deficient performance by defense counsel in structuring a motion to suppress would be available on direct appeal.  If it was omitted from that proceeding, it would be barred by Ohio's criminal *res judicata* doctrine.  That doctrine as enunciated in *State v. Perry*, 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision.  *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

The Eighth Ground for Relief should be dismissed because it is improperly pleaded and because it is barred by *res judicata*.

**Ground Nine: *Brady* Violation Regarding DNA Evidence**

In his Ninth Ground for Relief, Boyce asserts the State violated his due process rights under *Brady* by not disclosing DNA evidence which would have proven him innocent.

Respondent points out that on its face this claim does not make logical sense:  DNA

evidence that does not support Boyce is not *Brady* material (Return, ECF No. 20, PageID 4613).

In his Traverse, Boyce argues "In Petitioner's case DNA related evidence was collected concerning the Compton's burglary SPD report 201600037079, Patton CCSO report 1-17-001165, Ahmed CCSO report 1-17-002121, Galluch report CCSO 1-17-000962, and Dolbeer SPD report 201700014268" (ECF No. 67, PageID 4969).  Boyce gives no record reference to any of these reports, although his reference to them by identifying number implies he has seen them.  He argues that DNA evidence is relevant in that the State regularly relies on it for conviction, even in capital cases. *Id.*

Boyce has not shown a *Brady* violation with respect to DNA.  If, as he implies, physical evidence was collected from which DNA could be extracted, but none of his was found, he was completely free to make that argument to the jury.  Although DNA evidence is circumstantial, the Magistrate Judge believes its presence or absence is strongly probative to juries.  If there was indeed physical evidence collected from which DNA could have been extracted and none of Boyce's was found, having the actual reports of comparisons of samples from different pieces of evidence would have added little to the argument because reading DNA test results is not within the experience of most lay jurors.  Evaluating the absence of any matching results was already available, at least as the Magistrate Judge understands Boyce's argument.

Ground Nine should be dismissed.


**Ground Ten:  Denial of Right to Compulsory Process**


In his Tenth Ground for Relief, Boyce claims his right to compulsory process was denied when witnesses he wished to have at trial were not subpoenaed.  Respondent claims this ground

for relief was first raised in Boyce's untimely post-conviction petition, filed October 19, 2020.  As noted above, the Common Pleas Court has not decided that petition, but because of the delay it may be presumed to be denied.  Without an opinion on the merits, this Court cannot tell whether the Common Pleas Court will enforce the asserted procedural default.  We must therefore examine this claim *de novo*.

In his Traverse, Boyce avers the trial court required "Petitioner to outline who and why he wished to call his witnesses to ensure that they would be material to the case" (ECF No. 67, PageID 4970).  Recalling that Boyce was proceeding *pro se* at this point in the trial court, it seems quite reasonable for that court to impose that condition.  A subpoena is a court order enforceable in contempt.  It is completely reasonable to require that a criminal defendant show a subpoenaed witness will have, or may reasonably be expected to have, admissible evidence.  Boyce does not indicate or prove that he complied with this request.

Boyce now says the witnesses he wanted to subpoena were:

> Allstate his insurance company to show his jury that he did not have possession of his vehicle during the time a State's witness lied claiming to see him in his vehicle relating to a Black BMW.
>
> A records custodian from the Columbus police Department to show an official report of the accident on January 13, 2017 involving his vehicle.
>
> A records custodian from Service King who would have testified that their shop had possession of the vehicle as a result of Allstate and would have testified that a small gold item in the vehicle was present when they picked it up Showing that the claimed item by the Miller's calling it an earring jacket was false as the item predated their time.

(Traverse, ECF No. 67, PageID 4970-71).  Boyce claims he learned of the non-service of a subpoena on these entities by contacting them in May 2018. *Id.* at PageID 4971.  He also learned of non-service on "Crown and Eagle" and "Dash-to-Cash" in the same time frame. *Id.*

31

Considering this claim *de novo,* it is meritless. Boyce knew at the time of trial (or could have learned from the docket) that these witnesses had not been served or at least that they had not appeared. If he believed that they were material, he could have moved for a continuance to obtain their presence or at least obtained a ruling, challengeable on direct appeal, that their testimony was not material. It appears he did neither. Nor does he cite any place in the record where he made a record of his compulsory process claim. Because that claim was or should have been available on direct appeal, failure to raise it there means it is barred by *res judicata* under *State v. Perry*. If that failure could be excused by ineffective assistance of appellate counsel, the time to raise that claim was in the 26(B) Application. A habeas petitioner cannot postpone raising claims until a post-conviction petition that are available earlier. Therefore Ground Ten should be dismissed.

**Ground Eleven: Interference with a Witness**

In his Eleventh Ground for Relief, Boyce claims that his co-defendant sister was persuaded not to testify by her attorney's telling her the judge would not allow her to testify. Respondent offers the same procedural default defense – failure to file the post-conviction petition that first raised this claim until after the one-year statute of limitations had expired – as he offers for Ground Ten. For the same reasons given above, this Court must reach the merits of the claim *de novo*.

In the Traverse, Boyce alleges his sister's attorney filed a motion to quash a subpoena addressed to her (ECF No. 67, PageID 4973). Judge Rastatter then held, correctly, that he could not force her to testify, presumably[1] because of her Fifth Amendment privilege against self-incrimination. Boyce then recites:

---

[1] The Fifth Amendment was the asserted basis for the motion to suppress; Boyce has not cited to the decision on that motion.

> Petitioner called her personally on the jail phone and asked her
> would she appear even though she was not going to be subpoenaed
> she agreed to testify free of will stating she will be there tomorrow.
> . . . Petitioner called his sister after trial where she informed him while
> on her way from Columbus to Springfield she was called by her
> attorney Shawn Murphy, who told her the court would not allow her to
> testify and she should go back home. (Exhibits of the Post-conviction
> petition Quiana' s affidavit P AG EID 859.) She stated at that point she
> went back to work. See (exhibit 4).

(Traverse, ECF No. 67, PageID 4973-74). He then asserts that the bad acts of his sister's attorney kept

her from testifying.

Ground Eleven as thus framed does not state a claim for relief under the United States

Constitution because the acts of Quianna Boyce's attorney do not constitute acts of the State of Ohio.

*Polk County v. Dodson* 454 U.S. 312 (1981).


**Ground Twelve: Prosecutorial Misconduct**


In his Twelfth Ground for Relief, Boyce claims the State used "sham legal process" to

present false testimony to the grand jury to obtain an indictment. He reasons that since all the

collected evidence shows he is not guilty, the State must have presented false testimony to get an

indictment.

Boyce repeatedly accuses the Clark County Prosecutor of using "sham legal process" in

violation of Ohio Revised Code § 2921.52 to obtain an indictment in this case. That phrase, as

used in the statute, means "fake" legal process or papers that are made to look like legal process

but are not. However, Boyce has not presented any evidence of sham legal process being used in

this case.

Even if sham legal process in violation of Ohio Revised Code § 2921.52 was used to obtain

an indictment in this case, federal habeas corpus exists only to enforce the United States Constitution, not state statutes.

In his Traverse Boyce asserts his Fifth Amendment right to an indictment was violated, but that right does not apply to the States. The Grand Jury Clause of the Fifth Amendment is not applicable to the States. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006)(*Apprendi* does not change this result).

Respondent asserts this ground for relief is not cognizable in habeas corpus and is barred by *res judicata* because it could have been raised on direct appeal and was not. Boyce makes no response to that defense and it is well taken.

Boyce's position in his Twelfth Ground for Relief seems to be that since there is no direct eyewitness testimony from any of the victims that they saw him burglarize their homes or with their property, he cannot be convicted. But that is not the test. "Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence to exclude every reasonable hypothesis except that of guilt." *United States v. Ramirez*, 635 F.3d 249, 256 (6th Cir. 2011), quoting *United States v. Stone*, 748 F.2d 361, 362 (6th Cir. 1993); *United States v. Wettstain,* 618 F.3d 577, 583 (6th Cir. 2010); *United States v. McAuliffe,* 490 F.3d 526, 537 (6th Cir. 2007); *United States v. Kelley,* 461 F.3d 817, 825 (6th Cir. 2006); *United States v. Reed,* 167 F.3d 984, 992 (6th Cir. 1999); *United States v. Beddow,* 957 F.2d 1330, 1334 (6th Cir. 1992).

Ground Twelve should therefore be dismissed.

**Ground Thirteen: Denial of Opportunity to Object to Jury Instructions or Verdict Forms**

In his Thirteenth Ground for Relief, Boyce claims the trial judge would not permit him to make objections to the jury instructions or verdict forms, either orally or by written motion.

Respondent asserts this claim is barred by *res judicata* because it was known at the time of trial, but not raised on direct appeal (Return, ECF No. 20, PageID 4620-21).

Boyce particularizes this claim by asserting that when he was brought into the courtroom at the time the jury was to be instructed, he was given the written instructions which the judge was going to read and verdict forms which would be given to the jury.

> During trial the Petitioner was brought into the courtroom with the jury instructions placed on the defense table, only provided a chance to view them as they were about to be read. Petitioner attempted to speak and the court silenced him and brought the Jury in. Petitioner attempted to speak again and the Court continued to read the instructions ignoring Petitioner. Shown by the record (Tr.T.P.3486 PAGEID 4491.)

(Traverse, ECF No. 67, PageID 4983).

The jury instructions as given are transcribed at ECF No. 17-17, PageID 4491-4517. The court then held a bench conference to deal with any issues with the instructions; Boyce made no objections. PageID 4518. The Court then re-read some of its preliminary instructions, including the reasonable doubt standard. Again the record shows no objection or attempt at objection by Petitioner.

Boyce claims the court reporter falsified the record by omitting his attempts. If that is so, it was his obligation to correct the record on appeal. He has not pointed to any attempt to do so. This supports Respondent's argument that this claim is barred by *res judicata*.

Boyce then lists multiple ways in which he claims the jury instructions are flawed. Because

he made no contemporaneous objection, he has procedurally defaulted these claims. Moreover, Boyce has failed to show they are cognizable in habeas corpus. To show that jury instructions are contrary to federal law is "not easy because 'instructional errors of state law generally may not form the basis for federal habeas relief.'" *Keahey v. Marquis,* 978 F.3d 474 (6th Cir. 2020), citing *Gilmore v. Taylor*, 508 U.S. 333, 344 (1993). To prevail, a habeas petitioner "must show that such a botched interpretation violated clearly established United States Supreme Court decisions. And even then, he still must show that the mistake violated concrete Supreme Court holdings," *Id.* citing *Marshall v. Rodgers*, 569 U.S. 58, 61 (2013), not generalized principles, citing *Woods v. Donald,* 575 U.S. 312, 318 (2015).

Ground Thirteen should therefore be dismissed.

## Conclusion

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 28, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
