# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAMON BOYCE,

        Petitioner,  :  Case No. 3:21-cv-216

- vs -  District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                             :
        Respondent.

## DECISION AND ORDER ON MOTION TO EXPAND THE RECORD

This habeas corpus case, brought *pro se* by Petitioner Ramon Boyce under 28 U.S.C. § 2254, is before the Court on Petitioner's most recent Motion to Expand the Record (ECF No. 84), filed May 16, 2023.

The Magistrate Judge filed a dispositive Second Substituted Report and Recommendations in this case on March 30, 2023 ("Report," ECF No. 71).  Petitioner was notified that his time to file objections would expire seventeen days later *Id.* at PageID 5034-35.  Petitioner sought and received two extensions of time to file objections (ECF Nos. 72-75) and then did so on May 3, 2023.  On the same day, Petitioner filed thirty-seven pages of exhibits to the Objections (ECF No. 77).  The Magistrate Judge then struck the exhibits, finding that they either had not been before the state courts when they decided the case nor had Petitioner been granted leave to expand the record to include them (ECF No. 80).  Petitioner now moves to expand the record to include documents originally submitted as exhibits to the Objections.

1

**Judge Rastatter's Bias**

In Ground Two of his Petition, Boyce complained that the assigned trial court judge, Douglas Rastatter was so biased respecting motions to suppress that he:

> regularly denies suppression hearings, he even has been found to hold hearings on some motions concerning suppression issues, regardless of what the evidence or information is before him, just to deny them. Petitioner pointed out that the sham hearings allow the judge to avoid Appellate Court reversals or remands by making it appear to that court that he had provided an opportunity when that opportunity was not actually judicially given.

(ECF No. 84, PageID 5183). The Report had labeled these "extraordinary allegations" which, if proven, would support an exception to *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982), but found there was no evidence in the record to support them. *Id.* at PageID 5016. The Report questioned why Boyce had not filed a request for disqualification. *Id.* at PageID 5017.

In his Objections, Boyce recounts that his attorney refused to file an affidavit of disqualification and his first attempt to file *pro se* was rejected because his affidavit was not notarized. He also references "Exhibit 1," the set of exhibits filed with the Objections at Doc. No. 77 which includes his *pro se* request for disqualification. However, Boyce never cites to anything that was in the record **before** the Report was written. He can scarcely object to a finding that there was no evidence as of that point in time by producing evidence now. He comments in his Motion to Expand the Record that he believed the Report was instructing him to file proof now that he had moved to disqualify Judge Rastatter. No, the Report was telling District Judge Rose that as of the time the Report was written, there was no evidence in the State Court Record that Boyce had moved for disqualification.

Petitioner may respond that the timing is not important, but it is. If the record can be reopened every time a petitioner proffers new evidence, the finality of the process is completely

undermined. The other point not to be missed is that the authorities to whom Boyce complained made no findings supporting his complaints.

**Grounds Six and Thirteen**

In these two grounds for relief, Boyce complains that Judge Rastatter did not allow him to participate in jury instructions and then did not allow him to place an objection about that on the record. The Report noted these claims were not supported by record references. Paralleling his response on Ground Two, Boyce claims he read the Report as instructing him to move to expand the record to add that proof. But that is not what the Magistrate Judge intended. As with Ground Two, the Report was noting that, as of the time of it filing, the record had not been expanded to include the proof Boyce now offers. Boyce's request to expand the record now to add those materials is denied on the same basis as the disqualification materials on Ground Two.

**Conclusion**

The Motion to Expand the Record is DENIED.

May 17, 2023.

s/ *Michael R. Merz*<br>United States Magistrate Judge

3