# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAMON BOYCE,

        Petitioner,      :      Case No. 3:21-cv-216

  - vs -                         District Judge Thomas M. Rose
                                 Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                               :

        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Ramon Boyce under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 89) to the Magistrate Judge's Supplemental Report and Recommendations ("Supplemental Report," ECF No. 86). District Judge Rose has again recommitted the case for reconsideration in light of the Objections (Order, ECF No. 90).

**Ground One: Improper Allowance of Evidence Related to a Prior Burglary Conviction**

In his First Ground for Relief, Boyce claims the trial court violated his constitutional rights by admitting evidence of his 2008 conviction for burglarizing the Parsons residence in Springfield. He had raised claims relating to the admission of this evidence on direct appeal to the Ohio Second District Court of Appeals as his First and Second Assignments of Error which that court overruled.

1

The original Report in the case recommended dismissing this claim as procedurally defaulted because it had been presented to the Ohio courts purely as a matter of Ohio law and not federal constitutional law. (ECF No. 71, PageID 5015). In his initial Objections, Boyce did not respond to this conclusion, but cited Ohio law on the question of what constitutes a predicate act for a charge of engaging in a pattern of corrupt activity. The Supplemental Report repeated its conclusion of procedural default for failure to present a constitutional claim on this prior conviction to the Ohio courts (ECF No. 86, PageID 5192, *et seq.*). Boyce again objects:

> However the court is overlooking that by raising this sort of claim, its always raising that ones fundamental right to a fiar [sic] trial protected by the constitution is violated. Citing *Hand v. Houk*, 871 F.3d 390, 418 [(6th Cir. 2017)] and Traverse PageID 4847. This Court has the authority to here [sic] the argument and decide whether Petitioner's Constitutional right to a fair trial was violated. Petitioner fully responds to the court of appeals argument in Ground Three as if fully rewritten herein. The court should consider the merits.

(Objections, ECF No. 89, PageID 5212).

Boyce is arguing that, by presenting evidence of the prior conviction the State not only violated Ohio evidence law, but also made his trial fundamentally unfair. In deciding whether Boyce procedurally defaulted his First Ground for Relief, this Court must decide whether he "fairly presented" that argument to the Ohio courts. He seems to be arguing that a claim of improperly presenting a prior conviction always and necessarily raises a claim that one has been denied a fair trial. However, he presents no authority for that proposition.

*Hand v. Houk*, which Boyce does cite, sets the standard for fair presentation: A claim is fairly presented if the petitioner

> (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific

2

> constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Hand* at 418. But Boyce presents no analysis to show that he met the *Hand* standard or that *Hand*, or any other federal case, holds that by raising a state law evidence claim related to a prior conviction, one is automatically raising a constitutional claim. In fact, in the Traverse he cites *Dowling v. United States*, 493 U.S. 342 (1990), where the Supreme Court held it had defined the category of trial errors which violate due process "very narrowly."

Boyce did not fairly present his "fundamentally unfair trial" claim to the Ohio courts. In fact, he argued his First Assignment of Error which challenged admission of the prior conviction, entirely in terms of the Ohio Rules of Evidence (Appellant's Brief, State Court Record, ECF No. 17, Ex. 30, PageID 279-82). The term "fair trial" is not even used in arguing the First Assignment of Error; had it been, that would not have been enough to "fairly present" the issue. Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same).

This Court does not have authority to ignore a procedural default and decide *de novo* that Boyce did not get a fair trial because the prior burglary conviction was introduced against him. His Objections on Ground One should be overruled.

**Ground Two: Evidence Admitted from Warrantless Search of Car in Violation of the Fourth Amendment**

The Magistrate Judge has previously concluded that consideration of this claim on the merits is barred by *Stone v. Powell,* 428 U.S. 465 (1976); and *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). Boyce argued he could overcome this bar by showing that the trial judge in this case routinely refuses to grant motions to suppress based on Fourth Amendment violations. His evidence on this point was that he, personally, has complained to the Supreme Court of Ohio about Judge Rastatter's bias against motions to suppress. The Magistrate Judge declined to consider those complaints because they were not part of the state court record on which the Ohio courts decided Boyce's Fourth Amendment claims. See *Cullen v. Pinholster,* 563 U.S. 170 (2011). Boyce objects that *Riley* anticipates making additions to the record for purposes of showing the motion to suppress process was frustrated. But *Riley* was decided long before *Pinholster* and at a time when evidentiary hearings in habeas were routinely available. Moreover, the fact that one disappointed Fourth Amendment claimant has complained to the Ohio Supreme Court about his trial judge is not adequate proof that the trial judge is in fact biased against motions to suppress.

In his current Objections Boyce also claims the motion to suppress process was frustrated by failure of the trial court to consider *Rodriquez v. United States*, 575 U.S. 348 (2015) and failure of the court of appeals to remand for such consideration. Boyce's Motion to Suppress does not itself cite *Rodriquez* (Motion, State Court Record ECF No. 17, Ex. 4). Boyce's Assignment of Error III on appeal relied heavily on *Rodriquez*, but did not seek a remand, but rather a reversal (Appellant's Brief, State Court Record, ECF No. 17, Ex. 30, PageID 286-87). The Second District, applying *Rodriquez*, found from the facts of record that conducting the canine sniff did not "unreasonably prolong" the traffic stop (Opinion, State Court Record, ECF No. 17, Ex. 34, PageID

4

487). Thus there was no need for a remand for fact finding.

Boyce's objections as to Ground Two should be overruled and his Fourth Amendment claim found to be barred by *Stone* and *Riley*.

**Ground Three: Convictions Upon Insufficient Evidence and Against the Weight of the Evidence**

Boyce concedes that the weight of the evidence claim is not cognizable. As to the insufficiency claim, the Magistrate Judge found it to be procedurally defaulted because not raised on direct appeal. Boyce attempts to excuse that default by claiming ineffective assistance of appellate counsel. The Magistrate Judge rejected that argument by finding the Second District's rejection of Boyce's ineffective assistance of appellate counsel claim was not an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). Boyce objected that it was unreasonable because the Court of Appeals did not follow the process for deciding ineffective assistance of appellate counsel claims laid out in *State v. Leyh*, 166 Ohio St. 3d 365 (Feb. 8, 2022). The Magistrate Judge has pointed out that the Second District could not follow *Leyh* because it decided Boyce's ineffective assistance of appellate counsel claim in December, 2020, more than a year before *Leyh* was decided. In any event, the fact that the Second District did not anticipate *Leyh* does not make its application of *Strickland* unreasonable because *Leyh* deals only with the procedure for deciding ineffective assistance of appellate counsel claims and not the substance of those claims.

Boyce asserts this Court must independently determine the merits of his ineffective assistance of appellate counsel claim, rather than deferring to the Second District's decision (Objections, ECF No. 89, PageID 5229). He cites *Joseph v. Coyle*, 469 F.3d 441 (6th Cir. 2006)

5

and *Coleman v. Thompson*, 501 U.S. 422 (1991). That is a misreading of *Joseph*. There the Sixth Circuit did not consider the ineffective assistance of appellate counsel claim *de novo*, but concluded that the state appellate court's application of *Strickland* was unreasonable. 469 F.3d at 461-62. *Coleman* does not speak to this issue at all.

**Ground Four: Denial of Suppression Hearing on Claimed Improper Identifications of Property**

In his Fourth Ground for Relief, Boyce claims he was unconstitutionally denied a suppression hearing related to identifications of purportedly burglarized property. After Boyce confirmed that he was raising only Fourth Amendment claims in this Ground for Relief, the Supplemental Report found it was barred by *Stone*. In his present Objections, Boyce asserts both that *Stone* is no bar and that he was constitutionally entitled to a suppression hearing on the unlawful process of identification which occurred.

As to the applicability of *Stone*, no further analysis is needed beyond what is stated as to Ground One, *supra*. In asserting his right to a suppression hearing regarding whether the process of identification of stolen property was lawful or not, Boyce points to Ohio R. Crim. P. 12(B) which on its face purports to require that a "motion to suppress evidence . . . on the ground that it was illegally obtained" must be brought prior to trial. Whether this is a rule giving a defendant a right to a suppression hearing on the issue Boyce raises – unlawful process to identify stolen property – is a question of Ohio law. What it does not do is give a defendant a federal constitutional right to such a hearing. Federal constitutional law requires a motion to suppress hearing outside the presence of the jury on Fourth Amendment questions, i.e. questions about the lawful seizure of evidence. *Mapp v. Ohio*, 367 U.S. 643 (1961). The hearing which Boyce is claiming he was denied – a hearing on the lawful identification of stolen property – is not guaranteed by the Constitution. "A state cannot

be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

**Ground Five: Admission of Other Acts Evidence**

In his Fifth Ground for Relief, Boyce asserts the trial court abused its discretion by admitting in evidence his prior burglary conviction and a Columbus burglary because these prior convictions did not contain the element of engaging in a pattern of corrupt activity. Both the Report and the Supplemental Report concluded this Ground raised only state law evidence questions.

Boyce now concedes this Ground for Relief can be dismissed (Objections, ECF No. 82, PageID 5239).

**Ground Six: Defendant Barred from Jury Instructions**

In his Sixth Ground for Relief, Boyce claims he was unconstitutionally deprived of an opportunity to place his objections to the jury instructions into the record for appeal. The Supplemental Report noted this claim was not supported by the record citations Boyce offered. The Magistrate Judge also rejected the argument that the appellate court should have applied *Leyh, supra*.

In his instant Objections, Boyce reargues his claims about Judge Rastatter frustrating his suppression motions and says nothing about jury instructions. The Magistrate Judge is therefore

7

satisfied with the analysis previously given.

**Ground Seven: Violation of *Brady v. Maryland* by Failing to Disclose a Police Run Log**

The Magistrate Judge stands on the analysis of this Ground for Relief in the Supplemental Report.

**Ground Eight: Failure to Suppress Unlawfully Seized Evidence**

The Magistrate Judge stands on the analysis of this Ground for Relief in the Supplemental Report.

**Ground Nine: *Brady* Violation Regarding DNA Evidence**

In his Ninth Ground for Relief, Boyce asserts the State violated his due process rights under *Brady* by not disclosing DNA evidence which would have proven him innocent. The Supplemental Report raised the question of how there could be a *Brady* violation if Boyce had actually seen the DNA results (ECF No. 86, PageID 5201).

In his instant Objections, Boyce quotes the prosecutor saying on eight occasions that no DNA evidence was collected which would identify Boyce as the perpetrator of one of the series of crimes with which he was charged (ECF No. 89, PageID 5255, *et seq*.). The prosecutor does not say that DNA samples were taken and the tests excluded Boyce; he just says there is no identifying DNA. If there are DNA reports – and Boyce is only speculating that they exist – they show nothing

8

more than what the prosecutor admitted: no Boyce DNA was found. That would make any DNA analysis reports that exist completely immaterial, proving nothing more than what the prosecutor admitted. Boyce's instant Objections add nothing which requires further analysis.

**Ground Ten: Denial of Right to Compulsory Process**

In his Tenth Ground for Relief, Boyce claims his right to compulsory process was denied when witnesses he wished to have at trial were not subpoenaed.

The Report noted that this claim was first raised in the Post-Conviction Petition which had not been decided as of the Report's filing. The Magistrate Judge is not advised of any subsequent decision.

Relatively early in the trial court process, Boyce exercised his right of self-representation under *Faretta v. California,* 422 U.S. 806 (1975). Thus his request for subpoenas was made *pro se*. The trial judge asked him what testimony he expected from these witnesses. Boyce claimed he complied, but the Supplemental Report notes he gave no record references (ECF No. 86, PageID 5203). The Report had concluded this claim was procedurally defaulted because not raised on direct appeal. The Supplemental Report concluded the *res judicata* bar was not overcome by Boyce's learning some relevant facts after trial because the test under *State v. Perry,* 10 Ohio St. 2d 175 (1967), is whether the claim could have been litigated on direct appeal, not whether more evidence turns up later.

Boyce's instant Objections clarify this Ground for Relief by claiming now that Judge Rastatter said he would issue the subpoenas but did not do so and that Judge Rastatter intimidated some of Boyce's witnesses by comments he made to them (Objections, ECF No. 89, PageID 5258).

Boyce refers the Court to subpoenas appearing in the record at PageID 850-56. All but one of them are to institutions which appear to relate to repair of Boyce's BMW. Some or all of the content of their expected testimony was made unnecessary by the State's stipulation of what the records of those institutions would show. Also included is a subpoena to Quianna Boyce, a co-defendant who move to have the subpoena quashed on grounds that compelling her to testify would violate her Fifth Amendment privilege against self-incrimination. PageID 857.

Boyce claims Judge Rastatter's witness intimidating remarks were made off the record but in open court (Objections, ECF No. 89, PageID 5258). This assertion raises many questions: who didn't Boyce make a record of the comments? Which witnesses were allegedly intimidated? What was intimidating about Judge Rastatter's comments?

Boyce has not established that the trial court denied him his right to compulsory process, given the stipulations about records content and Quianna Boyce's well-founded motion to quash. Ground Ten should be dismissed.

**Ground Eleven: Interference with a Witness**

In Ground Eleven Boyce claims Judge Rastatter interfered with the intended testimony of Quianna Boyce. The Supplemental Report rejected this claim because it was supported only by Quianna's Boyce's hearsay testimony about what her attorney told her.

Boyce's instant Objections rely on *Webb v. Texas*, 409 U.S. 95 (1972), where, according to Boyce's account of the case, a witness was intimidated into not testifying by being warned of the possibility of a perjury prosecution. But that is not what happened here. The record shows Quianna Boyce herself moved to quash the subpoena issued to her to protect her privilege against

self-incrimination.

Boyce comments here and at other places in the Objections that this Court can hold an evidentiary hearing to satisfy itself what happened in the Common Pleas Court. However, such hearings are severely restricted by *Cullen v. Pinholster,* 563 U.S. 170 (2011), and Boyce has not shown he comes within any recognized exception to *Pinholster*.

**Ground Twelve: Prosecutorial Misconduct**

In his Twelfth Ground for Relief, Boyce claims the State used "sham legal process" to present false testimony to the grand jury to obtain an indictment. The Report and Supplemental Report rejected this claim because Boyce had not shown that any "sham" legal process had been used and he was in any event not entitled to grand jury indictment under the Fifth Amendment.

Boyce objects that he has an Ohio constitutional right to grand jury indictment. However, habeas corpus in federal court is available only to correct federal constitutional wrongs. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

Boyce reargues this indictment claim as a claim that he was denied "fundamental fairness." "A state cannot be said to have a federal due process [or "fundamental fairness"] obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

Boyce has still not told this Court what is meant by the term "sham legal process." Instead, he asserts the prosecutor must have presented false testimony to the grand jury to obtain an indictment. Boyce infers this from testimony at trial in which no witness, he says, identified him as having broken into their home. Boyce is not imprisoned on the basis of the grand jury

11

indictment, however it was obtained. Instead, he is imprisoned as a result of his conviction by a jury at trial. Boyce has presented no authority for this Court to look behind a conviction to determine if the underling indictment was improperly obtained. See *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006). "[T]he finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer."

**Ground Thirteen: Denial of Opportunity to Object to Jury Instructions or Verdict Forms**

The Supplemental Report found this matter should have been brought to the attention of the court of appeals on direct appeal and that errors of state law in the instructions are not cognizable in habeas. Boyce reverts to a claim that failure to allow him to make objections denied him fundamental fairness or a fundamentally fair trial. Boyce has still not explained why this claim is not procedurally defaulted by his failure to raise it on direct appeal.

**Conclusion**

Having reconsidered the case in light of the instant Objections, the Magistrate Judge again respectfully recommends it be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 13, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge