IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RAMON BOYCE,

        Petitioner,            :     Case No. 3:21-cv-216

  - vs -                                District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                                     :
        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO AMEND THE JUDGMENT

This habeas corpus case, brought *pro se* by Petitioner Ramon Boyce under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Alter or Amend the Judgment under Fed.R.Civ.P. 59(e)(ECF No. 101). As a post-judgment motion, it is referred to the Magistrate Judge for a report and recommended decision under 28 U.S.C. § 636(b)(3).

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas*

1

> *Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.* 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 Federal Practice and Procedure § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), *accord, Nolfi v. Ohio Ky. Oil Corp.,* 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.; McBride v. Skipper*, 76 F.4th 509 (6th Cir. Aug. 4, 2023). *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("[A] petitioner fil[ing] a Rule 59(e) motion . . . may request only that the district court reconsider matters actually raised before it. This is because, as this court has repeatedly held, Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment.").

Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.* In ruling on an Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5 (2008) (quoting prior edition)." *Banister v. Davis*, 140 S. Ct. 1698, 1703, 207 L.Ed. 2d 58 (2020).

Petitioner claims he is entitled to relief under the "manifest injustice" branch of Rule 59(e) jurisprudence:

> The court's ruling above if left undisturbed results in a clear manifest injustice to Petitioner. Federal courts have found that manifest injustice generally indicates that a court has overlooked some dispositive factual or legal matter that was presented to it." (ECF No. 101, PageID 5368, citing *Rose v. Alternative Ins. Works, LLC*, 2007 WL 2533894, at *1 (D.N. J. Aug. 31, 2007). It has also been expanded to indicate an error in the Court's decision that is direct, obvious, and observable. Citing *Greene v. Virgin Islands Water Power Auth.,* 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) quoting *Tenn. Prot. & Advocacy, Inc. v. Wells,* 371 F.3d 342, 348 (6th Cir. 2004).

Petitioner claims the Magistrate Judge "failed to resolve" Petitioner's latest set of objections, made at ECF No. 98.  But those objections were not given to the Magistrate Judge to resolve.  District Judge Rose had recommitted the case for consideration of Petitioner's Objections to the Substituted Report and Recommendations and the Supplemental Report and Recommendations, but chose not to recommit the case after the Magistrate Judge filed his Second Supplemental Report and Recommendations.  It is certainly within a District Judge's discretion whether or not to recommit a case; a second recommittal as happened here is unusual.  That the District Judge chose to resolve those Objections himself is not a manifest error of law or a manifest injustice to Petitioner.

Turning to the Magistrate Judge's Reports and Recommendations generally, Petitioner complains that the Magistrate Judge's "resolutions of Petitioners arguments were not favorable to justice but instead has [sic] favored finality over justice."  By "favorable to justice," of course, Petitioner means "favorable to Petitioner".  And because every habeas corpus case is a collateral attack on a criminal judgment already entered in state court and affirmed, any decision in favor of the State "favors" finality over the petitioner's interests.  American judges are not commissioned

3

to do justice in the abstract, but rather justice under the law. It is therefore inappropriate for a judge to choose to favor finality or "justice" as a petitioner sees it, but to apply the law, which will sometimes favor a petitioner (e.g. the actual innocence exception to procedural default) and sometimes the State (e.g., the statute of limitations). The question to ask is whether a judge has faithfully followed the law, rather than whether he has "favored" one side or the other.

But Petitioner claims the undersigned does not intend to follow the law but has other motives:

> Regardless if the Magistrate Judge is politically motivated or has disfavor toward prisoners or the Grate [sic] Writ itself, Petitioner should enjoy a constitutional right to have his grounds actually considered, with material recommendations even if unfavorable to him, but not simply foreclosed because of him having the status of prisoner or being convicted of a crime.

(Motion, ECF No. 101, PageID 5370). Petitioner's grounds have been actually considered. The Second Substituted Report and Recommendations (ECF No. 71) is no summary rejection of the Petition because it is brought by a prisoner[1], but a thirty-seven page consideration of every claim Boyce has made. Boyce objected and the undersigned wrote another sixteen pages considering all of those objections (ECF No. 86). Boyce objected again and the undersigned wrote another thirteen pages considering those objections (ECF No. 91). In addition to extended analysis of the merits of Boyce's arguments, the undersigned has extended his time to make those arguments ten times (ECF Nos. 22, 30, 47, 62, 64, 72, 74, 92, 94, 96) which does not give the appearance of favoring "finality" over Petitioner's interests. Finally, the Magistrate Judge has given considerable time to considering Petitioner's ancillary motions to expand the record, to redact, and so forth.

---

[1] Of course, only a person in custody can bring a writ of habeas corpus.

Over the last few decades, the law itself has become less favorable to habeas corpus cases. In 1963, requiring a method to enforce all of the new constitutional rights it had recognized, the Warren Court expanded the Great Writ to its furthest extent ever under American law. See *Fay v. Noia*, 372 U.S. 391 (1963), and *Townsend v. Sain*, 372 U.S. 293, 313 (1963), decided on the same day. Since then the Supreme Court has steadily reduced the reach of habeas relief: *Stone v. Powell*, 428 U.S. 465 (1976)(excluding Fourth Amendment cases);*Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977)(procedural default); *Rose v. Lundy,* 455 U.S. 509 (1982)(dismissal of "mixed" petitions); *Herrera v. Collins*, 506 U.S. 390 (1993)(actual innocence claim not cognizable); *Cullen v. Pinholster,* 563 U.S. 170 (2011), and *Shinn v. Ramirez*, 596 U.S. ___, 142 S.Ct. 2037 (2022)(evidentiary hearings not available generally in habeas). Congress intervened in a massive way with the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA")(statute of limitations, ban on second or successive petitions, only Supreme Court holdings count as precedent). The Supreme Court has recognized that promoting finality of state court judgments was a major purpose of the AEDPA. *Shinn, supra*. Whether a lower court judge "favors" finality or not, he or she is bound to faithfully follow Supreme Court precedent. "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982); *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506 (11th Cir. 1987). See *Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U. S. 477, 484, (1989).

Boyce concludes his discourse on the undersigned's bias by stating "Petitioner is unaware of the Magistrate judge recommending the grant of a single writ under §2254 in decades." (Motion, ECF No. 101, PageID 5370). Petitioner's attention is respectfully directed to *Hartman v. Ohio*

5

*Adult Parole Authority*, Case No. 3:19-cv-003 (S.D. Ohio); *Gillispie v. Warden*, Case No. 3:09-cv- 471 (S.D. Ohio); *Depew v. Ohio*, Case No. 1:94-cv-459 (S.D. Ohio)(capital case); and *Zuern v. Tate*, Case No. 1:92-cv-771 (S.D. Ohio)(capital case).

Having concluded his general argument in support of amendment, Boyce then turns to argument on each of his thirteen grounds for relief.

**Ground One: Improper Allowance of Evidence Related to a Prior Burglary Conviction**

In his First Ground for Relief, Petitioner complained of the trial court's allowance into evidence of his prior 2008 burglary conviction which he claims is irrelevant to the charges in the instant case. The Magistrate Judge recommended dismissal of this claim on the merits because Boyce did not cite any Supreme Court precedent to which the state court's decision was contrary or of which it was an objectively unreasonable application (Sub. R&R, ECF No. 71, PageID 5015). He did not respond to this point in his Objections and the Magistrate Judge again recommended dismissal (Supp. R&R, ECF No. 86, PageID 5192). Boyce objected that arguing this claim as he had also fairly presented an unfair trial constitutional claim. The Magistrate Judge again recommended dismissal because Boyce had still not cited any Supreme Court precedent in point (2nd Supp R&R, ECF No. 91, PageID 5276). The District Judge adopted all three Reports and Recommendations.

Boyce's instant Motion asserts:

> This court[']s September 27, 2023 entry and order did not consider Petitioner objections (Doc. No. 98, PageID 5299) where he requested the Court to consider the Sixth Circuit's ruling out of Michigan See *McGhee v. Davis,* 2012 U.S. Dist. LEXIS 186707 where the McGhee Court analyzed and applied Ohio law which mirrors Petitioner's argument concerning his Ohio 404(B)evidence

6

> violation amounting to Petitioner fundamental right to a fair trial being violated.

(Motion to Amend, ECF No. 101, PageID 5371). There are a number of relevant observations. First, the fact that the Decision and Entry did not **cite** *McGhee* does not mean that it was not considered. When a District Judge reviews a Magistrate Judges report, he or she is under no obligation to explain everything they considered.

Second, *McGhee* does not contravene anything recommended in the Reports. The cited opinion is by The Honorable Laurie J. Michelson, a United States Magistrate Judge who sits no higher in the judicial hierarchy than the undersigned. It is not a decision by the Sixth Circuit Court of Appeals binding on this Court. Second, Magistrate Judge Michelson recommended denying the writ of habeas corpus. She explicitly found that "the Supreme Court precedent reviewed by this Court suggests that the Michigan Court of Appeals' conclusion of nonconstitutional error was not an unreasonable application of, or contrary to Supreme Court case law." *Id.* at *21. That is exactly the position taken by the undersigned.

In sum, even considered as persuasive rather than binding precedent, *McGhee* supports the Magistrate Judge's conclusion, adopted by the District Court, that there is no United States Supreme Court precedent holding that arguing a state evidentiary ruling on admission of a prior bad act fairly presents an unfair trial claim.

In the same paragraph as his inapposite citation of *McGhee*, Boyce writes:

> Nor did this Court consider or acknowledge that an evidentiary ruling made at trial violates due process where the ruling is so egregious that it results in a denial of fundamental fairness." *Bey v. Bagley,* 500 F.3d 514, 520 (6th Cir. 2007), quoting *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003)).

(Motion, ECF No. 101, PageID 5371). This argument demonstrates why the scope of motions to amend the judgment is quite narrow. The Magistrate Judge did consider and cite *Bey* in the original

7

Report (ECF No. 71, PageID 5015) as well as *Bugh v. Mitchell. Id.* While they both repeat the general principle that an evidentiary ruling can be so fundamental as to violate due process, *Bugh* expressly holds (as the Report notes) that the Supreme Court has never found admission of a prior bad act to violate due process. This Court has considered the general principle for which Boyce contends, but is obliged to respect Supreme Court precedent refusing to extend that principle to prior bad acts evidence. And in making this argument, Boyce is doing precisely what Rule 59(e) jurisprudence forbids: restating arguments previously made and rejected by the Court.

Boyce next cites *Montana v. Egelhoff*, 518 U.S. 37 (1996), for the proposition that "a misbegotten evidentiary ruling that results in a fundamentally unfair trial may violate due process and, thus, ground federal habeas relief." (Motion, ECF No. 101, PageID 5372, citing *Egelhoff* at 43). The purportedly quoted language does not appear at the cited page. Indeed, the word "misbegotten" does not appear at all in the decision. More importantly, the Court held that right to have a jury consider evidence of voluntary intoxication in determining whether accused possessed the mental state required for conviction was not a "fundamental principle of justice," and therefore, Montana's statutory ban on consideration of such evidence did not violate due process clause. Here again Boyce cites precedent which is in the general area of assessing state evidence rules for constitutional violations, but does not come close to holding other acts evidence can make a trial "fundamentally unfair."

Perhaps the difficulty here is that lay people do not easily distinguish between the holding of a case and dictum. A holding consists of the 'court's determination of a matter of law pivotal to its decision.'" Garner, et al. "The Law of Judicial Precedent at 44, quoting Black's Law Dictionary 849 (Bryan A. Garner ed., 10th ed. 2014). The line between holding and dictum is a distinction that dates from legal literature during the late 18th century. Garner at 44. "Dictum" is

8

defined in Garner's Dictionary of Legal Usage as "a nonbinding, incidental opinion given by a judge in the course of a written opinion delivered in support of a judgment." Garner at 46. Habeas corpus relief can be granted in a case decided on the merits by state courts only if that decision is contrary to or an objectively unreasonable application of the **holding** in a Supreme Court decision. Dicta don't count. And Boyce has not even cited Supreme Court dictum for the proposition that admitting prior bad acts evidence makes a trial fundamentally unfair.

**Ground Two: Admission of Evidence Seized in Violation of the Fourth Amendment**

In his Second Ground for Relief, Boyce argued evidence seized without a warrant from his car was admitted in evidence in violation of the Fourth Amendment. Respondent asserted merits review of this claim was barred by *Stone v. Powell*, 428 U.S. 465 (1976). In his Motion to Amend the Judgment, Boyce asserts "The Magistrate Judge repeatedly refused to acknowledge that Petitioner's presentation his [F]ourth Amendment claims were frustrated by Petitioner's trial Judge." (ECF No. 101, PageID 5374). That is an accurate summary of what has happened in the case: the undersigned rejected Ground Two on the basis of Stone in the Amended Substitute Report, the Supplemental Report, and the Second Supplemental Report.

And then so did Judge Rose when he adopted those Reports. The Motion to Amend in relation to Ground Two complains that the District Judge did not "address" this or that precedent or "resolve" this or that issue and then proceeds to reargue those issues as they were previously argued before the Reports were filed. Nothing in the law requires a District Judge to discuss every issue raised or precedent cited by a litigant, particularly when the issues have been dealt with by extensive reports and recommendations. Petitioner's Motion to Amend does not show the Court

9

made a mistake of law and it is not a "manifest injustice" to refuse to give a litigant in a final decision the extensive discussion that a Magistrate Judge has already given. To hold otherwise would undermine the value of referring cases to Magistrate Judges in the first place.

**Ground Three: Conviction Based on Insufficient Evidence**

In his Third Ground for Relief, Boyce claimed he was convicted on insufficient evidence. Respondent asserted this claim was procedurally defaulted because it has not been raised on direct appeal. Boyce countered that the default was excused by ineffective assistance of appellate counsel. The Report noted that he had raised an ineffective assistance of appellate counsel claim in an Application for Reopening under Ohio R. App. P. 26(B) and the Second District Court of Appeals had decided it against him on the merits. Because that decision was entitled to AEDPA deference under 28 U.S.C. § 2254(d)(2), Boyce could not rely on his ineffective assistance of appellate counsel claim to excuse the default.

Boyce claimed the Second District's decision was an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), because fourteen months after the Second District decided his 26(B) Application, the Supreme Court of Ohio clarified the manner in which 26(B) applications were to be decided in *State v. Leyh*, 166 Ohio St.3d 365 (2022). The Magistrate Judge found *Leyh* inapplicable because (1) it changed the process by which 26(B) applications were to be decided, but not the standard for deciding and (2) the Ohio Supreme Court has never held *Leyh* is to be applied to 26(B) decisions completed before *Leyh* was handed down.

Boyce's argument on this Ground follows the structure of his arguments on Grounds One and Two: he claims the Decision and Entry of September 27, 2023, "does not **address** Petitioner's objection with the Magistrate Judge's Report merging *Strickland* for consideration of excusing

10

procedural default and the Second District's resolution of the underlining [sic] ground, which was counsel's ineffective for failing to raise the claim amounting to a misapplication of the *Strickland* standards." (ECF No. 101, PageID 5380). On the contrary, the Decision does address that objection by overruling it, albeit without the further discussion Boyce seems to believe is required. That simply is not the law. No rule or precedent cited by Boyce requires that amount of detail in a District Judge's decision adopting a Magistrate Judge's Report. Boyce is here, once again, rearguing points made before judgment and rejected by the Court.

The balance of Boyce's argument on Ground Three consists of pointing out inconsistencies in the testimony (ECF No. 101, PageID 5381-91). This again amounts to reargument of points made before judgment which, again, is not the purpose of Fed.R.Civ.P. 59(e).

**Grounds Four, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, and Thirteen**

Boyce's argument on Ground Three ends at PageID 5391, merely halfway through his fifty-two page motion. While this Report could continue cataloging the many ways in which Boyce believes the Decision and Entry did not "address" his various objections to the Reports, this would serve no useful purpose. The Reports dealt extensively with Boyce's claims and his objections to the recommendations on those claims. Boyce objected, but District Judge Rose overruled those objections in summary fashion. Boyce has now reargued the same objections in his Motion to Amend, but that is outside the purpose of Rule 59(e).

**Conclusion**

11

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion to Alter or Amend (ECF No. 101) be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 25, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge